Argued September 13, affirmed October 19, 1972

NEWBERN ET AL, *Respondents, v.* GAS-ICE
CORPORATION, *Appellant.*

501 P2d 1294

*Kenneth M. Novack,* Portland, argued the cause for appellant.

*Nels Peterson,* Portland, argued the cause for respondent.

Before O'Connell, Chief Justice, and McAllister, Denecke, Holman, Tongue and Howell, Justices.

TONGUE, J.

This is an action for payments allegedly due under a lease of a so-called "Tank Farm" owned by plaintiff and leased to defendant. Defendant appeals from an adverse judgment. We affirm. This case is a companion case to the case of *Gas-Ice Corporation v. Newbern,* 263 Or 263, 501 P2d 1288 (1972).

One of the contentions by the corporation as the plaintiff and appellant in that case was that the trial court erred in "not determining that the Tank Farm was acquired by defendants [Newbern] and leased to plaintiff [Gas-Ice Corporation] in breach of defendants' fiduciary duties to plaintiff" as an officer and trustee of plaintiff corporation. Although the trial court rejected the contention that the lease was invalid "ab initio" for those reasons, it cancelled that lease for other reasons as of May 1, 1970. We affirmed that determination by the trial court in that case by decision bearing this same date.

In this case the defendant corporation, by its answer, denied any obligation for payment of rent under the lease and alleged that it was invalid for the same reasons as urged by it in the other case. On oral argument before this court, however, it was conceded by defendant that an affirmance of the trial court on this same issue in that case would be dispositive of that issue, as a matter of res judicata or collateral estoppel, and that, in such an event, plaintiff Newbern would be entitled to the rental payments claimed by him in this case for the period April 1, 1969 to March 31, 1970, in the sum of $14,868, subject, however, to the contention by the defendant corporation that the trial court erred in setting aside a previous judgment on the pleadings in favor of it as the defendant in this case.

It appears from the record that after the failure of plaintiff to file a timely reply to the equitable defenses as alleged in defendant's answer and after a "Rule 4" notice was sent to plaintiff by the trial court, defendant filed a motion for judgment on the pleadings, which was served on plaintiff's attorneys of record, together with a praecipe setting that motion for hearing on December 2, 1970. Plaintiff's attorneys did not appear at that time, but one of them, Mr. Peterson, advised the court by telephone that they would not contest that motion. Accordingly, the court granted the motion and entered such a judgment on the pleadings.

Shortly thereafter, on January 6, 1971, plaintiff's counsel filed a motion to set aside the judgment on the pleadings, with an affidavit by Mr. Peterson stating that by mistake and inadvertence he believed, when informed of defendant's motion and of the hearing on that motion, that it involved still a third lawsuit between the same parties, rather than this case. On January 26, 1971, the trial court granted that motion and entered an order setting aside its previous judgment on the pleadings.[1] The case was then tried and a judgment was entered in favor of plaintiff in the sum of $14,868, together with $6,000 in attorney fees.

Defendant contends on this appeal that the trial court erred in setting aside the judgment on the pleadings. In support of that contention defendant urges that the judgment on the pleadings was not taken through mistake, inadvertence, surprise or excusable

---

[1] Defendant previously attempted to appeal from the order setting aside the judgment on the pleadings, but that appeal was dismissed by this court on motion of the plaintiff. A further motion by defendant to stay proceedings in this case pending appeal of the first case was also denied by the trial court.

neglect, at least "of the type contemplated by ORS 18.160"; that the judgment was also consented to by plaintiff, and thus could not be set aside unless procured through fraud; that the court erred in "applying the same standard of discretion to plaintiffs in default as to a defendant in default," and that the court abused its discretion in setting aside the default judgment.

∎ We have reviewed the entire record and hold that the trial court did not abuse its discretion or otherwise err in allowing plaintiff's motion to set aside the judgment on the pleadings. The trial judge apparently believed Mr. Peterson, who was plaintiff's principal attorney, in his statement to the court at the hearing on that motion that when he previously informed the court that plaintiff would not oppose defendant's motion he did so under the mistaken belief that it involved another case in a series of lawsuits between the same parties as a part of an extremely complex course of litigation between them. While that mistake may not have been of the usual type of "mistake, inadvertence, surprise or excusable neglect" contemplated by ORS 18.160, we hold that the trial judge could properly find that it came within the terms of that statute.[9] The fact that Mr. Peterson had asso-

---

[9] Horn v. United Securities Co., 47 Or 35, 81 P 1009 (1905), cited by defendant, is not to the contrary because in that case the trial court denied a motion to set aside a default judgment and this court, in affirming the trial court, expressly stated (at p 37) that "The court might have relieved counsel of the situation, but it was not an abuse of discretion not to do so."

We have also held that ORS 18.160 does not permit the trial court to relieve a party from a judgment entered into as the result of an agreed settlement which was entered into because of a mistake of one party as to the effect of the judgment. Milton J. Wershow Co. v. McVeety Machinery Company et al, 263 Or 97, 500 P2d 696 (1972). In this case, however, the mistake was not as to the effect of the judgment, but the identity of the case in which the judgment was to be entered.

ciated Mr. Cairns to assist him in representing plaintiff does not require a different result under the facts of this case, despite defendant's contention to the contrary.

As for defendant's further contention that this was a "consent judgment" and, as such, could not be set aside in the absence of fraud or mutual mistake, citing *Stites v. McGee,* 37 Or 574, 61 P 1129 (1900), and *Zipper v. Zipper,* 192 Or 568, 235 P2d 866 (1951), it is sufficient to point out that the basis for such a holding in those cases was that they both involved motions made after the expiration of the term of court to set aside previous judgments or decrees, in which it was properly held, as stated in *Stites* (at p 577) that:

"* * * The only way [such a judgment or decree] can be attacked or impeached after the expiration of the term, whatever the rule may be during the term, is by an original bill, on the ground of fraud or mutual mistake * * *."

The statute involved in those cases has since been amended so as to provide that the expiration of a term of court has no effect on the duties and powers of the court, provided that it acts "within a reasonable period of time." ORS 1.055. In this case, no contention is made that the order setting aside the judgment on the pleadings was not entered within a reasonable time.

Furthermore, this was not a "consent decree" in the usual sense, in which such a judgment or decree is entered as a part of an over-all settlement of a case, usually by written stipulation. In this case the only basis for such a contention by defendant is that plaintiff's attorney, when notified of the motion and of the

hearing on that motion, stated that plaintiff would not contest that motion.

■ In any event, we hold that since there is no contention that the order of the court setting aside the judgment on the pleadings was not entered "within a reasonable period of time," the court had discretion to consider whether plaintiff had made a sufficient showing of "mistake, inadvertence, surprise or excusable neglect" to satisfy the requirements of ORS 18.160 and that defendant has failed to demonstrate that under the facts of this case there was an abuse of that discretion.[9]

Defendant also assigns as error the contention that "[t]he trial court erred in not assessing plaintiffs for defendant's costs and attorneys' fees caused by plaintiffs' counsel's mistake," citing *Hutton v. Fisher,* 359 F2d 913 (3d Cir 1966), and *Higgins v. Seaman,* 61 Or 240, 122 P 40 (1912).

■■ This may be the practice in the federal courts and may be a commendable practice. Defendant's assignment of error on this point is deficient, however, in that it does not quote from the pertinent portions of the record so as to show how this contention was made to or ruled upon by the trial court. (See Rule 2.35, Rules of Procedure, Supreme Court of Oregon.) Neither does defendant state the authority under which an award of attorney fees could be made in Oregon in such a case. In *Higgins v. Seaman, supra,*

---

[9] We also reject defendant's contention that the trial court erred "in applying the same standard of discretion to plaintiffs in default as to a defendant in default," citing Snyder v. Consolidated Highway Co., 157 Or 479, 72 P2d 932 (1937). That case held only (at p 484) that "[A]s *a general rule* the court looks with more favor upon the application for relief of a defendant in default than upon a similar application by a defaulted plaintiff * * *." (Emphasis added)

no more than costs and disbursements were allowed (at p 245) and, as a general rule, attorney fees are not allowable by the court as a charge against the opposing party unless expressly authorized by a statute or a contract. *Hughes v. Bembry,* 256 Or 172, 177-78, 470 P2d 151 (1970). In any event, the allowance or denial of such an application would also be a matter within the discretion of the trial court.

Defendant's final contention is that "the trial court erred in assessing $6,000 attorneys' fees against Gas-Ice."

The parties stipulated on trial that the trial judge might "set attorneys' fees without the necessity of a presentation of evidence." Plaintiff's attorneys estimated, however, that they devoted 132 hours of work on this case, although they did not maintain time records to support that estimate.

The award of $6,000 was indeed a liberal allowance of attorney fees in this case, particularly when made to attorneys who were unable to support a request for a larger allowance by records showing the amount of time devoted by them to this case.

■ Because of the increasingly high cost of legal services today, in keeping with the increase in cost of other goods and services, attorneys are ordinarily expected to keep time records of their work for the purpose of billing clients for most types of legal services, as well as for the purpose of justifying the amount of attorney fees to be awarded by the courts in cases in which such awards are proper. Nevertheless, the time devoted by an attorney is not the only factor to be considered in determining what is a reasonable attorney fee. See Code of Professional Responsibility,

DR 2-106(B), and Annot., 143 ALR 672, 678; 56 ALR2d 13, 20.

■ Considering such additional factors as the difficulty and complexity of the issues involved in this case, the value of the interests involved, the result secured, the skill and eminence of opposing counsel, and the professional standing of counsel for plaintiff, as well as the estimate by plaintiff's counsel of the amount of time devoted by them to this case, we cannot say that there was not a proper basis for the allowance by the trial court of $6,000 in attorney fees, particularly in view of the stipulation by the parties. Cf. *State High Com. et al v. Kendrick et al,* 227 Or 608, 611, 363 P2d 1078 (1961).

The judgment of the trial court is affirmed.