Argued December 6, 1973, remanded with instructions
March 7, 1974

TIANO, *Respondent, v.* ELSENSOHN, *Appellant.*

520 P2d 358

*Brian W. O'Brien,* Portland, argued the cause and filed a brief for appellant.

*Ronald G. Stephenson,* Portland, argued the cause for respondent. With him on the brief were Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

HOLMAN, J.

Plaintiff brought an action to recover damages of less than $1,000 to his automobile arising out of a collision between his vehicle and that of defendant. Defendant counterclaimed for damages to his vehicle. The action was tried in district court and plaintiff received a verdict and judgment. The defendant appealed to circuit court where the case was tried de novo and plaintiff again received a verdict and judgment. Defendant then appealed to this court.

The only issue here is the right of plaintiff to attorney fees in both district and circuit courts. Plaintiff was allowed $200 attorney fees in district court and $450 attorney fees in circuit court. The parties stipulated in district court that if attorney fees were allowable the court could set the amount without taking evidence and that defendant had received in writing plaintiff's claim for damages more than ten days prior to the commencement of plaintiff's action. There were no similar stipulations in circuit court. ORS 20.080 is the controlling statute. It provides:

> "(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $1,000 or less, and the plaintiff prevails in the action, *there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees* for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action,

an amount not less than the damages awarded to the plaintiff. [Emphasis added.]

"* * * * *."

Defendant first contends that plaintiff had no right to attorney fees in either court because plaintiff's pleadings were deficient. Defendant argues that plaintiff did not plead (1) a demand upon defendant for the payment of his claim more than ten days prior to the commencement of plaintiff's action; (2) defendant's failure to comply with the demand; or (3) the amount of a reasonable attorney fee. The only mention of attorney fees in plaintiff's complaint was the prayer which was as follows:

"WHEREFORE, Plaintiff prays for judgment against the Defendant in and for the sum of SIX HUNDRED TWENTY-FOUR AND 40/100 ($624.40) DOLLARS, together with a reasonable attorneys fee as provided by ORS 20.080 and for his costs and disbursements incurred herein."

Defendant points out that this court has held that the prayer will not supply a necessary allegation. *Flaherty v. Bookhultz,* 207 Or 462, 467, 291 P2d 221, 224, 297 P2d 856 (1956).

■■ The statute provides that "* * * there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees * * *." Because attorney fees are part of costs, it is unnecessary for plaintiff to make any more mention of them in his complaint than he would have to make concerning other items of costs. They need only be requested in the prayer. *State ex rel Nilsen v. Adams,* 248 Or 269, 282, 431 P2d 270, 433 P2d 831 (1967). Defendant cites *Draper v. Mullennex,* 225 Or 267, 271, 357 P2d 519 (1960), as being to the contrary, but the court did not have the present fac-

tual situation or statute before it when it made a statement which was obviously overbroad as applied to a situation where reasonable attorney fees are allowed by statute as a part of costs. We therefore hold that the complaint is not deficient.

■ Not being an issue in the case except as an item of costs, a request for a specific amount should be made in the cost bill, and defendant may take issue, if he desires, by objecting on any basis he believes will defeat its allowance as is done when contesting any other claimed item of costs. Issue thus having been taken, it is then the duty of the plaintiff, as the proponent of its allowance, to meet by proof, if he can, such objections as the defendant may have raised. The rule is, of course, limited to those instances in which reasonable attorney fees are provided by statute *as a part of costs.*

■ Defendant has waived any objection to the attorney fees in the cost bill in the district court because he failed to make any objections thereto in district court and because of the stipulation entered into by him in that court regarding the setting of attorney fees and the giving of notice.

■ Defendant did file an objection to plaintiff's cost bill in circuit court in which he contends, in addition to the contention that the issues were not tendered by the pleadings, that there was no proof submitted by plaintiff that more than ten days before commencement of the action a demand was made on defendant for payment of the damages. Plaintiff contends this is unnecessary because defendant stipulated in district court that such a demand was made. Plaintiff's contention is well taken. Defendant's admission in district court, which admission he now acknowledges, was a

judicial admission of a specific fact which is binding upon him and which he may not now retract.

■ Defendant also contends there was no proof of the reasonableness of the attorney fees. This contention was made for the first time upon appeal and was not made in the trial court either orally or by written objection. Under the rule we have just laid down, the onus would be upon defendant to object to the amount of the fees by an objection to the cost bill if he wanted to place plaintiff on proof of the reasonableness of the amount claimed therein. However, we realize that heretofore it has been customary to require proof of reasonableness whether or not an objection was filed on that basis, and defendant could reasonably have expected plaintiff to be required to produce such proof despite the absence of such objection. For this reason, fairness requires that defendant be given an opportunity to put plaintiff on proof and defendant may so apply to the trial court, if he desires, within 15 days of this court's mandate.

■ Plaintiff contends he did not have to offer proof of the reasonableness of the fees because defendant stipulated in district court that the court could set the fees without evidence. Defendant's stipulation in district court did not carry over to the trial in circuit court. At that time defendant did not know if there would ever be a circuit court trial or who the circuit court trial judge would be or the conditions and circumstances of that trial, if it ever took place. In such a situation, no one could have a reasonable expectation that defendant was stipulating regarding dispensing with such proof in a circuit court proceeding which was not yet contemplated.

The case is remanded to the trial court to give

defendant an opportunity to put plaintiff on proof of the reasonableness of the attorney fees for the circuit court trial and for a determination of such fees by the court. In the absence of such an application by defendant within the time herein allotted, the cost bill will stand as filed.