Argued April 21, affirmed June 20, 1978

# STATE DEPARTMENT OF TRANSPORTATION
## ex rel, *Appellant,*
### *v.*
# STAFFORD et ux, *Respondents.*
## (No. CC 74-283, CA 9732)
580 P2d 574

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Lawrence M. Dean, Astoria, argued the cause for respondents. Jeanyse R. Snow, Astoria, filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Plaintiff in this condemnation action appeals from an award of attorneys fees to defendants pursuant to ORS 35.346(2).[1]

While the sole issue is the allowance of attorneys fees to the condemnees, a brief summary of the facts is necessary to an understanding of our resolution of the issue. On February 3, 1974, a landslide occurred at "Silver Point" in the vicinity of defendants' property, depreciating its value. On June 14, 1974, plaintiff commenced condemnation proceedings against defendants. Thirty days prior to trial, plaintiff offered defendants $15,000 for their property, but defendants, contending that the state caused the landslide by relocating the highway in 1951-52, declined the offer and demanded compensation for the pre-landslide value of their property. The trial court permitted the question of the state's liability for the landslide to be joined and tried with the condemnation action on a

---

[1] ORS 35.346 provides:

"(1) At least 20 days prior to the filing of any action for condemnation of property or any interest therein, the condemner shall make a written offer to the owner or party having an interest to purchase the property or interest, and to pay a stated amount as compensation therefor and for any compensable damages to remaining property.

"(2) If a trial is held for the fixing of the amount of compensation to be awarded to the defendant owner or party having an interest in the property being condemned, the court shall award said defendant costs and disbursements including reasonable attorney fees and reasonable expenses as defined in subsection (2) of ORS 35.335 in the following cases, and no other:

"(a) If the amount of just compensation assessed by the verdict in the trial exceeds the highest written offer in settlement submitted by condemner to those defendants appearing in the action at least 30 days prior to commencement of said trial; or

"(b) If the court finds that the first written offer made by condemner to defendant in settlement prior to filing of the action did not constitute a good faith offer of an amount reasonably believed by condemner to be just compensation.

"(3) Costs and disbursements other than reasonable attorney fees and expenses as defined in subsection (2) of ORS 35.335 shall be awarded to condemner in all cases other than those in which defendant is entitled to costs and disbursements under subsection (2) of this section."

theory of inverse condemnation. In a special verdict, the jury found that the state was not responsible for the landslide, but that the post-landslide value of the property taken was $20,000.

At the conclusion of a subsequent hearing on objections to defendants' cost bill, the trial court awarded defendants attorneys fees pursuant to ORS 35.346(2)(a), which provides:

"(2) If a trial is held for the fixing of the amount of compensation to be awarded to the defendant owner or party having an interest in the property being condemned, the court shall award said defendant costs and disbursements including reasonable attorney fees and reasonable expenses as defined in subsection (2) of ORS 35.335 in the following cases, and no other:

"(a) If the amount of just compensation assessed by the verdict in the trial exceeds the highest written offer in settlement submitted by condemner to those defendants appearing in the action at least 30 days prior to commencement of said trial * * *."

On appeal, the state contends:

"The circuit court erred in awarding attorney fees to defendant-condemnee, who neither pleaded the fee, introduced evidence concerning the fee, nor claimed the fee in his statement of costs."

■  First, we hold it was not necessary for defendants to allege they are entitled to attorneys fees in the event the jury verdict exceeded the state's highest offer. While it is true that the Supreme Court held in *State v. Ganong,* 93 Or 440, 460, 184 P 233 (1919), that under the statute then in effect with respect to condemnation proceedings it was necessary to (1) plead the amount of attorneys fees claimed, (2) prove them by evidence and (3) try the issue to a jury if the other issues are so tried—the statute has been amended. The statute then applicable (Oregon Laws 1913, ch 49) provided, in part: "The costs and disbursements of the defendant, including a reasonable attorney's fee to be fixed by the court *at the trial,* shall be taxed by the clerk * * *." (Emphasis added.) In so holding, the court relied on

[ 986 ]

the words "at the trial." The statute was amended in 1947 (Oregon Laws 1947, ch 283) to omit that language, but the court perpetuated the proposition that the amount of attorneys fees is "to be determined by the trier of fact upon pleading and evidence in the same manner as any other question of fact." *State High. Com. v. Kendrick et al,* 227 Or 608, 610, 363 P2d 1078 (1961). The court pointed out that since the 1947 amendment, however, the issue was determined by the judge. 227 Or at 612. The entire discussion was *dicta* because the only question on appeal was whether the court could review the award *de novo.*

■■ Whatever the rule may have been under prior statutes, the present version, enacted in 1973 (Oregon Laws 1973, ch 617, § 2), makes it clear that an award of attorneys fees is mandatory under the circumstances here present: "[T]he court *shall* award said defendant costs and disbursements including reasonable attorney fees and reasonable expenses." (ORS 35.346(2).) (Emphasis added.) This statute is analogous to that[2] involved in *Tiano v. Elsensohn,* 268 Or 166, 520 P2d 358 (1974), where the Supreme Court held it was not necessary to plead attorneys fees any more than it was necessary to plead other items of costs. And see *Pritchett v. Fry,* 34 Or App 165, 578 P2d 443 (1978). We hold that it is not necessary to plead the right to recover attorneys fees under ORS 35.346, and adopt what the Supreme Court said in *Tiano v. Elsensohn, supra,* as being applicable to cases arising under that statute:

---

[2] ORS 20.080(1), which provides:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $1,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff."

"Not being an issue in the case except as an item of costs, a request for a specific amount should be made in the cost bill, and defendant may take issue, if he desires, by objecting on any basis he believes will defeat its allowance as is done when contesting any other claimed item of costs. Issue thus having been taken, it is then the duty of the plaintiff, as the proponent of its allowance, to meet by proof, if he can, such objections as the defendant may have raised. * * *" 268 Or at 170.

■ That statement leads to the second segment of the state's assignment of error: Attorneys fees were not claimed in the cost bill. Clearly, they should have been, but we conclude that the state waived the objection to the defect. The manner in which the "objection" was taken and the lack of prejudice to the state in this case are illustrated by several passages from the transcript. At the hearing on objections to the cost bill, the state's attorney opened the argument with several objections to fees for certain witnesses, primarily on the ground that their testimony was only relevant to the issue of the state's responsibility for the landslide. During that opening statement, counsel for the state noted:

"* * * The formal offer in writing more than 30 days before trial was $15,000. So under the applicable statute, there is no question but that the property owners are entitled to reasonable attorney's fees—their costs and disbursements, including reasonable attorney's fees, assuming they're otherwise qualified."

Having noted that defendants were entitled to attorneys fees under the statute, the state's counsel then made the following observation:

"Now, as to the attorney's fees, which I don't know exactly where we are today on that. Mr. Dean, by letter, said he wanted to discuss that at this time. The Court's never basically set up an attorney's fee hearing. But the problem there is that the right to attorney's fees was not pleaded in the answer, nor were attorney's fees included in the cost bill, and I think technically, probably, no attorney's fees in any event would be allowable. Now, I'd be prepared to stipulate to the state paying a reasonable

[ 988 ]

attorney's fee, anyway, if limited to the reasonable—reasonably expended efforts by counsel in the condemnation case as opposed to the landslide and landslide causation aspect. So I think that summarizes our position."

Defendants' counsel did not stiputlate to the limitation on the attorneys fees as requested by the state, but responded:

"As far as the attorney's fees are concerned, I know of no such rule that requires that attorney's fees have to be in the cost bill. This Court—the Court has the authority by statute to award attorney's fees, and it's a matter of how it's to be determined. * * *"

The state's counsel again addressed the issue, but again it is unclear that an objection was made:

"* * * Attorney's fees could have been and weren't enumerated. I don't like and ordinarily don't—wouldn't raise that kind of a legal objection, and as I say, I'm prepared to waive that objection if we can stipulate that the only attorney's fees allowable, the only costs allowable are those attending the condemnation aspect of the trial, but if Mr. Dean's going to fight down to the bitter end on getting dollars for the other work, then I'll stick with that, too, which I think is a—I think it has legal merit."

Defendants' counsel was still unwilling to stipulate. The court then stated:

"On the attorney's fees, I think that all parties were on notice and expected there to be attorney fees if there—and as a matter of fact, there was a formal, written offer for that purpose, I understand, and there was a good deal of interest in whether they were going to come in over the $15,000 offer. * * *"

The court then awarded $4,125 for attorneys fees, following which there was discussion as to whether the form of order submitted by the state or by defendants should be signed. The only apparent difference in the orders was that the order proposed by the state's counsel contained the following passage:

"* * * [B]ut that the defendants are not entitled from plaintiff to costs or attorney's fees in connection with the

trial and determination of the question of whether the relocation of the highway in 1951-52 by the plaintiff was a contributing cause of the Silver Point Landslide of February 3, 1974 * * *."

Defendants' counsel did not object to the cited passage, and the court signed the order submitted by the state. No further objection or exception was made or taken by either counsel, so it would appear that the stipulation sought by the state was effectuated. In any event, any objection the state may have had to the entry of an order awarding attorneys fees without their having been claimed in the cost bill was abandoned and thereby waived.

■ The third and final segment of the state's assignment of error is that there was no evidence in support of the allowance of any attorneys fees.[3] The state, however, failed to raise that question in the trial court, and we will not consider it for the first time on appeal. *Joe Fisher v. Wofford,* 276 Or 603, 611-12, 556 P2d 127 (1976).

Affirmed.

---

[3] Although no evidence was introduced on the issue of the reasonableness of the attorneys fees, it is apparent that the court's award was not arbitrary. After listing the relevant considerations, the court stated:

"* * * But in considering all of those things, it appears to me that the sum of $4125 is not an unreasonable fee for the results obtained, for the work done, the difficulty of the work and the expertise involved, and so that will be the award of attorney fees. * * *"