On appellant's motion for reconsideration of petition for attorney fees filed March 20, motion for reconsideration allowed; petition for costs and attorney fees denied May 4, 1981

In the Matter of Gail Marie Grandy alleged to be a mentally retarded person.

STATE OF OREGON,
*Respondent,*

*v.*

GAIL MARIE GRANDY,
*Appellant.*

(1215, CA 17656)

627 P2d 895

Steven H. Gorham, Salem, for petition.

Before Joseph, Chief Judge, and Thornton and Warden, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

This matter is before us on the petition of appellant's appointed attorney for allowance of costs and an attorney fee pursuant to ORS 138.500(3)[1] and ORS 135.055(1) and (2).[2] The petition was not mailed before the 20th day following our decision (50 Or App 239, 623 P2d 666 (1980)), and it was received in the State Court Administrator's office on the 22nd day. No extension of time had been requested. It was denied solely because it was not timely filed. The attorney has moved for reconsideration. The motion for reconsideration is allowed.

---

[1]

"After determination of the appeal the Court of Appeals shall allow the cost of the transcript furnished pursuant to subsection (2) of this section, the cost of briefs and any other expenses of appellant necessary to appellate review. The Court of Appeals shall also determine, as provided in ORS 135.055, and allow compensation for counsel appointed under this section. A verified statement of such costs and expenses, including petition for allowance of compensation for counsel, *shall be filed within 20 days* or such further time as may be allowed by the court from the time an opinion is rendered *or*, if no opinion is handed down, then *within 20 days from the giving of a decision by the court*. On any review by the Supreme Court of the judgment of the Court of Appeals a person for whom counsel has been appointed shall by similar procedure recover the cost of briefs, any other expense of the review and compensation for counsel. * * *" (Emphasis supplied.)

Counsel was appointed pursuant to ORS 427.295, which provides for costs and compensation as provided in ORS 138.500.

ORS 20.320 also provides:

"No disbursements shall be allowed in the Supreme Court or Court of Appeals to any party unless he serves on the adverse party or his attorney, and files with the clerk of the court, a verified statement showing with reasonable certainty the items of all costs and disbursements in the cause. The statement shall be accompanied by proof of service thereof and *shall be filed within 20 days,* or such further time as may be allowed by the court, from the time an opinion is rendered, *or,* if no opinion is handed down, then *within 20 days from the giving of a decision by the court.* * * *" (Emphasis supplied.)

[2]

"(1) Counsel appointed * * * shall, by order of the court and subject to the approval of the governing body of the county, be paid fair compensation for representation in the case by the county in which the proceeding is had.

"(2) Subject to subsection (3) of this section, compensation payable to appointed counsel under subsection (1) of this section shall not be less than $30 per hour."

The relevant statutes and Rules of Appellate Procedure[3] have been applied to deny cost bills and petitions for fees not received by the 20th day after a decision in a case. *See, e.g., State ex rel Town Conc. v. Andersen,* 265 Or 593, 510 P2d 564 (1973). The imperative wording of the rules supports that application. In only a few instances, where a showing has been made that extraordinary circumstances beyond counsel's control prevented the timely receipt of cost bills or petitions, have we allowed them despite their untimeliness. It has been felt that to give the rules a more flexible reading would introduce a "line drawing" process that would eventuate in other arbitrary standards or purely *ad hoc* decisions.

■       In this particular instance we conclude that, on the showing made in the motion for reconsideration, the untimeliness was not the result of circumstances which were fairly beyond counsel's control. The petition for costs and an attorney fee is denied.

■       Henceforth, in the consideration of cost bills and petitions for costs and/or attorney fees, we will apply an adaptation of the provisions of ORS 19.028,[4] which relates to notices of appeal. Any cost bill or petition received late by the State Court Administrator will be administratively denied. If the cost bill was mailed by registered or certified mail on or before the twentieth day after the day of the

---

[3] Rule 11.05 provides in part:

"The filing of a petition for rehearing or a petition for review does not suspend the time for filing the cost bill *which must be filed within 20 days* after the date of the decision by the court." (Emphasis supplied.)

Rule 11.10 provides in part:

*"No claim* for a reasonable attorney fee *will be allowed unless, within 20 days after the date of a decision,* the party seeking such fee shall serve and file a petition with proof of service and eight copies in the Supreme Court or five copies in the Court of Appeals, whichever is appropriate, supported by a statement of facts showing the authority relied on for claiming the fee and showing the reasonableness of the amount and time involved." (Emphasis supplied.)

[4] ORS 19.028 provides in part:

"* * * The date of filing such notice or petition shall be the date of mailing, provided it is mailed by registered or certified mail and the appellant has proof from the postoffice of such mailing date. * * *"

decision, however, it will be allowed on the furnishing of such proof, if it is otherwise sufficient.

■    We also take this opportunity to point out that a petition for an attorney fee must be supported by sufficient information to permit us to perform our function under ORS 135.055(3).[5] Attention is called to Appendix L of the Rules of Appellate Procedure. A mere summation and totalling of hours spent on a case will not suffice to support a petition for attorney fees.

Motion for reconsideration allowed; petition for costs and attorney fees denied.

---

[5] ORS 135.055(3) provides:

"The total compensation payable to appointed counsel under subsection (1) of this section shall be subject to the review of the presiding judge of the court, or if there is no presiding judge, the judge of the court. The presiding judge, or judge of the court, shall certify that such payment is fair compensation for representation in the case."