Argued and submitted June 13, affirmed August 10, 1983

# WARREN L. BOSTICK FAMILY TRUST et al,
*Respondents,*

*v.*

# MAGLIOCCO et al,
*Appellants,*

## (81-394-1; CA A26701)

667 P2d 1044

Donald R. Crane, Klamath Falls, argued the cause for appellants. With him on the briefs was Crane & Bailey, Klamath Falls.

George Proctor, Klamath Falls, argued the cause for respondents. With him on the brief was Proctor, Puckett & Fairclo, Klamath Falls.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendants[1] appeal a summary judgment in favor of plaintiffs on a promissory note which ordered the foreclosure of a mortgage on land securing the note. Defendants contend: (1) the affidavits and documents in support of the motion are insufficient under ORCP 47; (2) plaintiffs are not entitled to an award of attorney fees under ORCP 68C; and (3), in any event, the award is excessive.

Plaintiffs alleged, *inter alia,* that they are the owners and holders of the note and mortgage and that defendant Magliocco had assumed the note and mortgage and had "made interest installment payments." Plaintiffs further alleged that Magliocco had failed to pay a principal payment of $120,000 "together with thirty-one delinquent interest installments of $800 per month and that there remains unpaid and past due the sum of $120,000 together with interest in the amount of $21,940 together with interest at the rate of 9 percent per annum from September 1, 1980 * * *." Plaintiffs also alleged that the other defendants claimed some right in the land inferior to that of plaintiffs. Defendants denied the allegations of the complaint on information and belief.

On defendants' motion, the trial court ordered that Mary Duncan, a receiver in a companion case, pay plaintiffs $800 per month, commencing August 25, 1981. The order is silent concerning the purpose of the monthly payments or their application. Defendants' motion, however, reflects that the payments were to apply on interest. Plaintiffs then moved for summary judgment, supported by the affidavit of Bostick. The affidavit states that plaintiffs are the holders of the note and mortgage, that the principal amount of the note plus interest is due and owing by Magliocco, who had "assumed and agreed to pay said note and mortgage less credit for interest payments thereon made by and on behalf of said defendant," and that the interest, if any, of the remaining defendants is inferior to that of plaintiffs.

Defendants filed a memorandum in opposition to the motion, together with an affidavit by Duncan dated August 25, 1982, stating that since September, 1981, she had paid $800

---

[1] Defendants refers only to those defendants who appealed.

each month to plaintiffs' attorney. No other affidavits or documents were filed in opposition to the motion. Plaintiffs' attorney countered the memorandum by filing his own affidavit with documents and correspondence from his file attached as exhibits. A second affidavit by the attorney filed on the date the judgment was signed acknowledges receipt of interest payments during the pendency of the litigation and asserts that "interest to October 1, 1982, remains in the amount prayed for in said complaint of $21,940." The trial court then granted plaintiffs' motion for summary judgment, foreclosed the interest of defendants in the land and awarded plaintiffs judgment against Magliocco in the sum of $120,000 together with interest of $21,940, plus interest at 9 percent per annum from October 1, 1982, until paid and plaintiffs' costs and reasonable attorney fees in the sum of $7,500.

Plaintiffs have the burden of showing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. ORCP 47C. Our function is to determine whether there is an unresolved issue of material fact, *Taylor v. Baker,* 279 Or 139, 145, 566 P2d 884 (1977), and we review the record in the light most favorable to defendants. *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980); *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). When the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied, even if no opposing evidence is presented. *See Pelege v. Chrysler,* 278 Or 223, 227 n 2, 563 P2d 701 (1977); ORCP 47. However, when a motion for summary judgment is supported as provided in ORCP 47D, the opposing party "may not rest upon the mere allegations or denials of that party's pleadings" but must, by affidavit or otherwise, set forth specific facts showing that there is a genuine issue of material fact. "Absent counter-affidavits or conflicting evidence, facts set forth in a supporting affidavit will be taken as true." *Comley v. State Bd. of Higher Ed.,* 35 Or App 465, 469-70, 582 P2d 443 (1978). The distinct issue is whether plaintiffs' affidavits in support of the motion are sufficient.

Defendants argue that there is no explanation or documentation to evidence the assignment of the note and mortgage to plaintiffs or the assumption of the note and mortgage

by Magliocco. We disagree. The complaint alleges that plaintiffs do business as Shasta View Properties, which is the promisor and mortgagor on the note and mortgage attached to the complaint and that Shasta View Properties is also the assignee of the promisee's and mortgagee's interest. It is also alleged that plaintiffs by assignment are the owners and holders of the note and mortgage. Plaintiff Bostick's affidavit states that "I am one of the plaintiffs and holder of the note and mortgage attached hereto as exhibits 'A' and 'B'."[2] Plaintiffs have alleged the ultimate facts supported by the affidavit. Whether proof of those facts at trial would require documentation is not apparent from this record. Plaintiffs have alleged that they are the assignees of the note and mortgage and their ownership. The affidavit states that defendant Magliocco assumed and agreed to pay the note and mortgage. Further, plaintiffs' attorney submitted an affidavit that incorporated an exchange of correspondence with Magliocco. The attorney wrote him that the note of $120,000 plus the balance of the interest was past due. Magliocco replied, "I will advise you the time frame we will pay this off." Without any evidence by defendants to the contrary, *Comley v. State Bd. of Higher Ed, supra,* the trial judge correctly concluded from the allegations of the complaint and the affidavits that $120,000 plus interest was due and owing to plaintiffs by Magliocco.

■ Defendants' last contention is that the Duncan affidavit created an issue of fact concerning the amount of interest due on the note. We disagree. The note was in the principal sum of $120,000 with interest at 8 percent per annum. Accordingly, interest accrued at $800 per month. The sense of the allegations of the complaint is that $21,940 had accrued and was due up to September 1, 1980, and that thereafter it would accrue at the statutory rate of 9 percent. Duncan's affidavit confirms that she paid $800 per month from September 1, 1980, until August 25, 1982, the date of her affidavit. The second affidavit by plaintiffs' attorney acknowledged receipt of interest during the pendency of the litigation and stated that there remains interest due on the note of $21,940 to October 1,

---

[2] The note and mortgage referred to in the affidavit were not attached as exhibits, but they were attached to and incorporated in the complaint. Defendants did not object at trial to the oversight in the affidavit, and we will not consider that objection now. *Flavel v. Pacific Power & Light,* 43 Or App 917, 920, 607 P2d 731 (1979), *rev den* 289 Or 45 (1980).

1982. The decree awards the same amount of interest as prayed for in the complaint and advances the date when statutory interest commences to accrue from September 1, 1980, until October 1, 1982. It is evident that plaintiffs credited defendants with interest received at $800 per month during the interim. Defendants argue that plaintiffs' evidence in support of their motion conflicts and that the trial court could not compute the interest. Defendants' argument misses the mark, as our own computation of the interest shows. The trial court did not err when it granted plaintiffs' summary judgment.

Defendants' last assignment of error concerns the award of attorney fees. Defendants contend that, because no "verified or detailed statement" was filed pursuant to ORCP 68C 4(a)(i), plaintiffs are not entitled to an award of attorney fees.

When plaintiffs submitted the proposed judgment to the trial court, they moved, without supporting affidavits, for an award of $7,500 as reasonable attorney fees. Defendants filed objections, contending that plaintiff had not filed a verified and detailed statement and that the fees were excessive. In response to those objections, plaintiffs' attorney filed a statement which summarized the services performed and concluded with:

> "Reasonable sum for time and responsibility involved is the sum of $7,500 as I verily believe."

The statement was signed by the attorney, but it was not notarized or verified. There was no objection. After a hearing on the original objections, plaintiffs' attorney filed a supplemental statement in which he claimed 50 hours of time expended and further explained the services performed and the factors considered in arriving at the requested fee. That statement was signed by the attorney and like the other statement was not notarized or verified. Defendant objected claiming only that the time and hourly rate were excessive. Thereafter, the trial court awarded the amount of the requested fee.

Plaintiffs' contend that defendants did not preserve their objection that the statement for attorney fees was not verified. We agree. After the original objection, plaintiffs filed the attorney's statement, and no objection was made. After the hearing, plaintiffs found it necessary to set forth in detail the

time expended and an explanation of the hourly rate. This last statement, standing alone, was sufficiently detailed to enable the trial judge to determine a reasonable attorney fee, although it was not notarized or verified. Defendant's objection to this statement was a reassertion only of their earlier objection that the fee was excessive. We are not prepared to say, on the basis of this record, that the trial judge knew that defendants were claiming a continuing objection that the statements were not verified. We conclude that defendants failed to preserve the objection. The only question properly before us is whether the attorney fee award was reasonable. It was.

Affirmed.