Argued and submitted November 21, 1984, resubmitted In Banc May 28, affirmed July 17, reconsideration denied October 11, petition for review denied November 5, 1985
(300 Or 249)

STATE OF OREGON, by and through its
DEPARTMENT OF TRANSPORTATION,
*Appellant,*

*v.*

GONZALES et ux,
*Respondents.*

(83-02-18,660-L; CA A30805)

703 P2d 271

Philip Schradle, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Steven J. Pierce, Ontario, argued the cause and filed the brief for respondents.

WARDEN, J.

Joseph, C. J., dissenting.

## WARDEN, J.

Plaintiff, the condemnor of certain real property located in Malheur County, appeals from an award to defendants of attorney fees and expert witness fees pursuant to ORS 35.346(2). Plaintiff's offer of $9,425, tendered before commencement of this action, ORS 35.346(1),[1] was rejected by defendants. In a two-day trial, the jury returned a verdict that just compensation for the taking was $9,450. Pursuant to ORCP 68, defendants submitted a statement of fees and costs and disbursements, claiming, *inter alia,* attorney fees of $7,891 and costs of $4,772 for an expert witness, Rothrock. Plaintiff filed objections, contending that the requested amounts were unreasonable. The trial court conducted a hearing on plaintiff's objections, allowed the sums claimed by defendants and entered judgment accordingly. Plaintiff's sole assignment of error is that those fees are unreasonable. It argues that the award was in error, because there was no substantial or competent evidence presented to the trial court to rebut the evidence that the sums were unreasonable. We affirm.

The substantive right to attorney fees and expenses in a condemnation action is provided by ORS 35.346, which in relevant part reads:

"(2)  If a trial is held for the fixing of the amount of compensation to be awarded to the defendant owner or party having an interest in the property being condemned, the court shall award said defendant costs and disbursements including reasonable attorney fees and reasonable expenses as defined in ORS 35.335(2) in the following cases, and no other:

"(a)  If the amount of just compensation assessed by the verdict in the trial exceeds the highest written offer in settlement submitted by condemner to those defendants appearing in the action at least 30 days prior to commencement of said trial * * *."

As defined in ORS 35.335(2), expenses means "costs of appraisals and fees for experts incurred in preparing and

---

[1] ORS 35.346(1) provides:

"At least 20 days prior to the filing of any action for condemnation of property or any interest therein, the condemner shall make a written offer to the owner or party having an interest to purchase the property or interest, and to pay a stated amount as compensation therefor and any compensable damages to remaining property."

conducting the defense to the action." The award of fees and costs, however, is controlled procedurally by ORCP 68. *See* ORCP 68C.(1). ORCP 68C.(4) provides:

"Attorney fees and costs and disbursements shall be entered as part of the judgment as follows:

"(a)   Attorney fees and costs and disbursements (whether a cost or disbursement has been paid or not) shall be entered as part of a judgment if the party claiming them:

"(a)(i)   Serves, in accordance with Rule 9B., a verified and detailed statement of the amount of attorney fees and costs and disbursements upon all parties who are not in default for failure to appear, not later than 10 days after the entry of the judgment; and

"(a)(ii)   Files the original statement and proof of service, if any, in accordance with Rule 9C., with the court.

"For any default judgment where attorney fees are included in the statement referred to in subparagraph (i) of this paragraph, such attorney fees shall not be entered as part of the judgment unless approved by the court before such entry.

"(b)   A party may object to the allowance of attorney fees and costs and disbursements or any part thereof as part of a judgment by filing and serving written objections to such statement, signed in accordance with Rule 17, not later than 15 days after the service of the statement of the amount of such items upon such party under paragraph (a) of this subsection. Objections shall be specific and may be founded in law or in fact and shall be deemed controverted without further pleading. Statements and objections may be amended in accordance with Rule 23.

"(c)   Upon service and filing of timely objections, the court, without a jury, shall hear and determine all issues of law or fact raised by the statement and objections. Parties shall be given a reasonable opportunity to present evidence and affidavits relevant to any factual issues.

"(d)   After the hearing the court shall make a statement of the attorney fees and costs and disbursements allowed, which shall be entered as a part of the judgment. No other findings of fact or conclusions of law shall be necessary."

Defendants filed a verified statement in compliance with ORCP 68C.(4)(a)(i), detailing 81.3 hours of attorney time, and asking for $4,772 for appraisal fees, substantiated by

an itemized billing from the appraiser, Rothrock. Defendants' attorney's accompanying affidavit recited that reasonable attorney fees were $7,891.09. That defendants are entitled to reasonable attorney fees and appraisal costs is not disputed; the challenge on appeal concerns only the reasonableness of the attorney fees and of Rothrock's witness fees.

■ We consider first the attorney fees. In *Newbern v. Gas-Ice Corporation,* 263 Or 250, 501 P2d 1294 (1972), the Supreme Court identified the factors that a trial court should consider in determining proper attorney fees:

> "the difficulty and complexity of the issues involved * * *, the value of the interests involved, the result secured, the skill and eminence of opposing counsel, and the professional standing of * * * counsel, as well as the estimate by * * * counsel of the amount of time devoted by them to [the] case * * *."

*See also Urban Renewal v. Starr Foods, Inc.,* 16 Or App 475, 478, 519 P2d 101 (1974). In a condemnation action, this court reviews to determine if the stated standards were considered by the trial court and, if they were, we will not set aside the trial court's findings as to attorney fees, unless they are not supported by any substantial, competent evidence. *Urban Renewal v. Starr Foods, Inc., supra,* 16 Or App at 478.

At the hearing, the only testimony on the issue of attorney fees was that of an attorney called by plaintiff. That witness testified that an attorney who was "fairly well experienced in trial work generally and knows what he's doing generally in the condemnation field" reasonably would spend 40 hours on an uncomplicated condemnation case and that a reasonable fee, including administration expenses, would be $75 per hour. The witness further testified that, if severance damages were involved, an additional four hours reasonably would be required. Defendants offered no testimony in rebuttal. Defendants' attorney, however, represented to the court that he had not previously tried a condemnation case and that he believed all the time spent to have been necessary.

Plaintiff argues that there is no evidence in this record to support the trial court's award of attorney fees and directs our attention to *State ex rel Dept. of Transp. v. Stafford,* 34 Or App 983, 580 P2d 574 (1978), and *State v. Grandy,* 52 Or App 15, 627 P2d 895 (1981). In *Stafford,* a condemnation case under ORS 35.346, we held that, because

attorney fees are a statutorily mandated item of costs, it was unnecessary to plead the right to attorney fees. The court adopted the rationale expressed in *Tiano v. Elsensohn,* 268 Or 166, 170, 520 P2d 358 (1974) (construing ORS 20.080 (*since amended by* Or Laws 1981, ch 897, § 1, and Or Laws 1981, ch 898, § 19)):

> " 'Not being an issue in the case except as an item of costs, a request for a specific amount should be made in the cost bill, and defendant may take issue, if he desires, by objecting on any basis he believes will defeat its allowance as is done when contesting any other claimed item of costs. Issue thus having been taken, it is then the duty of the plaintiff, as the proponent of its allowance, to meet by proof, if he can, such objections as the defendant may have raised. * * *' 268 Or 170." 34 Or App at 987.

In *State v. Grandy, supra,* the issue was the timeliness of cost bills and petitions for fees on appellate review, but we also stated that performance of the appellate function requires that a petition for attorney fees comply with Appendix L of the Rules of Appellate Procedure, noting that "[a] mere summation and totalling of hours spent on a case will not suffice to support a petition for attorney fees." 52 Or App at 19.

Plaintiff's position is that, once it had objected to defendant's cost bill and had presented evidence that the amounts concerned were unreasonable, ORCP 68C.(4), analogously to *Stafford,* required defendants to present proof in support of the claimed fees and that defendants failed to do so. Plaintiff asserts that the affidavit of defendants' counsel and its appended itemization of attorney hours is not evidence but a mere pleading and that, even if considered as evidence, it was not put in evidence at the hearing. Finally, pointing to *State v. Grandy, supra,* plaintiff contends that the affidavit could not be sufficient to support an award of attorney fees, because it is "merely a summation of the hours expended by defendants' counsel, and a conclusory statement by defendants' counsel that the fee is reasonable."

■ ■ We reject plaintiff's argument. *State ex rel Dept. of Transp. v. Stafford, supra,* which was decided before the effective date of the Oregon Rules of Civil Procedure, is not controlling. Under ORCP 68, which does control, proof of

attorney fees may be established by a *verified and detailed statement* of the claimed fees. Although we agree that a statement which is a "mere summation and totalling of hours" like the one rejected in *State v. Grandy, supra,* could be insufficient to support an attorney fees award, we conclude that, under ORCP 68, the trial court may rely on a properly itemized statement as evidence in awarding attorney fees. Further, we conclude that the itemization of the charges may support an inference of reasonableness. *See Garrison v. Cook,* 280 Or 205, 213, 570 P2d 646 (1977); *W. L. Bostick Family Trust v. Magliocco,* 64 Or App 305, 311, 667 P2d 1044 (1983).

■■  We are satisfied that the trial court properly considered the factors articulated in *Newbern v. Gas-Ice Corporation, supra.*[2] The detailed record of the amount of time spent by defense counsel in this action and his supporting affidavit was evidence of the amount and reasonableness of the attorney fees claimed. The trial court was not required to accept evidence to the contrary that was offered by plaintiff. Accordingly, we cannot say that the trial court's determination of what was reasonable is not supported by substantial evidence, and we affirm the court on that issue.

We next address the question of the award of $4,772 for expert witness fees for Rothrock. The cost bill submitted by defendants incorporated Rothrock's itemized billing of 54 hours at a rate of $75 per hour. At the hearing, the only testimony offered on the factual issue of the reasonableness of Rothrock's fees was by an expert witness for plaintiff. That

---

[2] In announcing its decision, the trial court stated:

"THE COURT: * * * So far as the attorney fees, it's my impression that an attorney involved with on-going condemnation case work can certainly process a case at a lesser total fee than an attorney who only has an occasional condemnation case as a part of general practice. That obviously is the situation here and it is somewhat different from that testified by Mr. Jones. Also, it is obvious too to this Court that the main question involved in this case revolved around whether there was or was not an affect *[sic]* on the remainder. In considering this particular question, I would have to acknowledge that I recognize that the Defendant, Mary J. Gonzales was obviously very adamant in her view that her remainder had in fact been affected. And quite frankly, had I been representing her interests, I think I would have been tempted to take pains to adequately present what was so obviously her position in Court. To me, double the hours noted for what Mr. Jones terms a 'boiler point'—or a 'boiler plate' type case really doesn't appear to be excessive to me. I would feel, particularly in view of this evidence, that I'm satisfied that the fee is reasonable."

witness testified that a reasonable time would be 61 hours and that $50 was a reasonable hourly rate.

Plaintiff posits a two-pronged argument against the allowance of appraisal fees for Rothrock at the rate of $75 per hour. First, it argues that defendants presented no evidence regarding the reasonableness of the claimed fee. Because Rothrock's itemized billing was part of the statement filed by defendants' attorney pursuant to ORCP 68C.(4)(i), the billing was competent evidence from which reasonableness could be inferred. Plaintiff also argues that the trial court improperly took judicial notice of the fees that it had authorized for Rothrock in two previous proceedings. Plaintiff initially asked the court to take judicial notice of the amount of attorney fees granted in the same cases of which it now complains. Error by the trial court in considering expert witness fees awarded in those previous cases, if any, was invited by plaintiff, and we decline to set aside the award on that basis.

Affirmed.

**JOSEPH, C. J.,** dissenting.

I cannot accept the majority's reading and application of ORCP 68C(4) in respect to the award of attorney fees or its view of the sufficiency of the evidence in respect to the award of the expert witness fee expense. I do not agree, either, that "the challenge on appeal concerns only the reasonableness of the attorney fees and of Rothrock's witness fees." (Slip opinion at 3.) That is, of course, the ultimate question; but the important question is one of pleading and proof.

ORCP 68C(4) is a rule about how attorney fees, costs and disbursements can come to be allowed as part of a judgment. That is all that it can be: a rule of pleading and procedure. The majority would, in essence, treat it as also being a rule establishing the sufficiency of proof. ORCP 68C(4)(a) was satisfied. Had plaintiff done nothing after the filing of the statement by defendants, the rule would have permitted the amounts claimed to have been entered as part of the judgment. However, once plaintiff had filed an objection pursuant to ORCP 68C(4)(b), the entitlement of defendants to fees, costs and disbursements was at issue on the law and the facts. In short, issue had been joined for trial.

With respect to the attorney fees, defendants offered

no testimony in response to the plaintiff's evidence of what would have been reasonable in the circumstances. Defendants' counsel simply told the court that he believed that the time he spent on the case was "necessary." I trust that the majority is not saying that "necessary" is the same as "reasonable," which is the statutory standard under ORS 35.346. The *only* evidence presented in the hearing was that presented by plaintiff's witness. The majority would permit defendants to recover merely on the basis of their pleading, contrary to the rules of *Tiano v. Elsensohn,* 268 Or 166, 170, 520 P2d 358 (1974), *State ex rel Dept. of Transp. v. Stafford,* 34 Or App 983, 580 P2d 574 (1978), and *State v. Grandy,* 52 Or App 15, 627 P2d 895 (1981). The majority is simply wrong when it says that ORCP 68 provides that "proof of attorney fees may be established by a *verified and detailed statement* of the claimed fees." (Slip opinion at 6; emphasis in original.) ORCP 68C(4)(c), which is quoted by the majority, but then ignored, provides for a trial on "all issues of law or fact raised by the statement and objections." The statement is not evidence (any more than are the objections); it is but a pleading. The trial judge awarded defendants attorney fees without *any* evidence.

Essentially the same error permeates the majority's upholding of the award for expert witness' fee. All that existed in the record before any testimony was taken was the witness's itemized billing of 54 hours at an hourly rate of $75. In this instance, there was not even any pleading that the amount claimed was reasonable. The only evidence the court heard was that the claim was unreasonable. The point is not that the trial court made a finding that was against the weight of the evidence. That would not be remediable by us. The point is that the trial court made the award without having received *any* evidence to support its conclusion. The pleading was not evidence, and the majority should not treat it that way.