Argued and submitted July 31,1985, remanded for modification in part, otherwise affirmed February 12, 1986

JOHNSON et ux,
*Respondents,*

*v.*

JEPPE et ux,
*Appellants.*

(84-04-19,501-L; CA A33607)

713 P2d 1090

Douglas E. Hojem, Pendleton, argued the cause for appellants. On the brief was William J. Storie, Pendleton.

Steven J. Pierce, Ontario, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., concurring.

**ROSSMAN, J.**

In this action on a contract, plaintiffs prevailed on a motion for summary judgment. There is no merit in defendant's first assignment of error; judgment for plaintiffs in the amount of $24,108.18 was proper. The sole issue requiring discussion is whether the trial court erred in determining the amount of attorney fees which plaintiffs should receive pursuant to the contract, which provided for recovery of "such sums as the court hearing the suit or controversy shall determine as reasonable attorneys' fees and costs."

Before final determination of their motion for summary judgment, plaintiffs filed and served a request for attorney fees accompanied by their attorney's affidavit. A "Time and Cost Summary" attached to the affidavit detailed 14.5 hours of attorney time expended before the final summary judgment hearing but also stated that the fee agreement between plaintiffs and their attorney called for a contingency fee of one-third of all amounts collected. The affidavit asserted that "expenses relative to the enforcement of the judgment are expected to be substantial" and requested an amount equal to one-third of the principal and interest due at judgment.

The court awarded attorney fees of $6,000 at the time judgment was entered. Defendants then filed a timely objection to the allowance of attorney fees, and a hearing was held pursuant to ORCP 68C(4)(c). Defendants argued that the only attorney fees that could be considered were those incurred to the date of judgment, $1,450, because the value of legal services rendered after judgment was too speculative to form the basis for an award. The court set a second hearing for further argument on the legal issue of its authority to consider post-judgment attorney time, as well as for further evidence. The court also noted the inadequacy of the record to support its award of $6,000:

> "Number two, I don't think though, that this record, if you're talking about going to the Court of Appeals, will be supportive of attorney fees going either direction, particularly for any sum in excess of that that's set out for the — for the actual attorney costs that have been encountered up to this particular point. I think that if this is going to be an issue that would have to be addressed by the Court of Appeals, I'll need a further hearing on this. * * *"

At the second hearing, the court concluded that it could properly consider post-judgment expenses in determining reasonable attorney fees, but no evidence was offered by either party. Nevertheless, the original award of $6,000 was allowed to stand.

 The mechanism for awarding attorney fees pursuant to contract and to most statutes is set forth in ORCP 68, which defines attorney fees as "the reasonable value of legal services related to the prosecution or defense of an action." ORCP 68A(1). The enforcement of a judgment and final collection of money due are "legal services related to the prosecution or defense of an action" and may be considered in awarding attorney fees. The difficulty lies in determining the "reasonable value" of these services before they are rendered. Among the factors a court may consider are the amount of time expected to be required, the amount of money damages involved and the fee customarily charged in the community for similar services.[1]

 The trial court's determination of reasonable fees in an action at law will be set aside only if it is not supported by substantial, competent evidence. *State Highway Commission v. Kendrick*, 227 Or 608, 610-11, 363 P2d 1078-79 (1961). Proof of a contingent fee agreement is not evidence of the reasonableness of the fee to be charged to the adverse party. The affidavit in this case, which is the only evidence on attorney fees in the record, offers three propositions in support of its conclusion that "expenses relative to the enforcement of the judgment are expected to be substantial." First is a vague reference to a related action involving the same parties that apparently was then on appeal. Second is a conclusory assertion that collection proceedings would have to be pursued in another county. Third is an assertion that defendants' attorney had advised plaintiffs' attorney "that Defendants' financial picture is poor and that it may well be very difficult to collect on any judgment." An award of an additional $4,550 based only on those assertions is not supported by substantial,

---

[1] We recently affirmed a trial court's denial of attorney fees, because the statement filed pursuant to ORCP 68(C)(4)(a)(i) was not "detailed" as required by the rule. *Parker v. Scharbach*, 75 Or App 530, 707 P2d 85 (1985). Our holding in *Parker* requires that, when the sole basis for attorney fees is the time actually expended, the statement of hours must be detailed. *Parker* does not hold that the only basis for attorney fees is time expended.

competent evidence; it is pure speculation and must be reversed.

■ We have recently held that an itemized statement of attorney time charges, accompanied by the attorney's affidavit and filed pursuant to ORCP 68C(4)(a), is evidence sufficient to support an inference of the reasonableness of the fees requested. *Dept. of Transportation v. Gonzales,* 74 Or App 514, 520, 703 P2d 271 (1985). In the case now before us, the affidavit of plaintiffs' attorney asserts an hourly billing rate of $100 per hour for attorney time and details 14.5 hours of attorney time expended. That is sufficient evidence to support an award of $1,450.

Plaintiffs were afforded two hearings to present testimony and other evidence to substantiate their claim regarding post-judgment legal services. No evidence was offered. The judgment should therefore be modified to conform to the only evidence in the record, that is, that plaintiffs are entitled to reasonable attorney fees of $1,450.

Remanded for modification of judgment to provide for attorney fees in the amount of $1,450; otherwise affirmed.

**WARREN, J.,** concurring.

I agree with the result in this case. I disagree, however, with the majority's conclusion that parties to a contract providing for reasonable attorney fees in the event of litigation have agreed to more than reasonable attorney fees for services actually rendered at the time of the hearing. The majority recognizes that it is difficult to ascertain the reasonable value of services before they are rendered. The difficulty, in my view, is that whether such services will be rendered and their value is dependent on facts that have not occurred. The testimony to support an award of fees for services yet to be rendered will necessarily be speculative, as will any evidence to challenge the request for fees.

As a policy matter I would not allow attorney fees for services before they have been rendered.