This matter is before the court on the objections filed by Plaintiffs (taxpayers) to the claim of the Intervenor (the county) for attorney fees. In their objection, taxpayers made no request for special findings of fact. The claim of the county is made under ORS 20.105,[1] which mandates an award of reasonable fees if the position of the taxpayers is without an objective basis in fact or law.
1. Taxpayers assert that their position had a basis in law and cite to a manual prepared by the Department of Revenue (the department) regarding appraisal and including a discussion of mass appraisal practice. Department Publication 150-303-415 (2003). Taxpayers interpret the manual as establishing a legal rule that only the mass appraisal technique discussed in the manual may be used in establishing real market value (RMV) under ORS 308.205. The manual does not support the taxpayers' position. Although mass appraisal is a technique that has a role in the general administration of the property tax laws, once litigation occurs regarding the RMV of any property, the matter is a question of fact to be established in the litigation process. That is a fundamental principle well established in the case law. See, e.g., Clark v. Dept. ofRev., 14 OTR 221, 224-25 (1997); Menasha Corp. v.Dept. of Rev., 6 OTR 313, 322 n 6 (1976) (citation omitted). Taxpayers have cited no statute, rule, or case precedent supporting their unique view of the effect of the department publication.[2]
2, 3. This case involved a dispute about the RMV of taxpayers' property. That is a question of fact to which taxpayers bore the burden of proof and the burden of going forward. ORS 305.427. Following the court's ruling denying taxpayers *Page 339 
the opportunity to prove a value for their property through testimony of the county's appraiser, taxpayers presented no evidence at the trial on this matter. Therefore, there was no basis in fact established at trial to support the taxpayers' asserted value for the property in question. Accordingly, the court concludes that there was no objective basis in fact or law for the position of the taxpayers, and the county is entitled to an award of reasonable attorney fees.
4. On the question of reasonableness, taxpayers raise no objection to the amount of time claimed by the county. On the question of the hourly rate for legal work, taxpayers assert that the county has presented no evidence of reasonableness. The statement of the county shows that the hourly rate of $90 is the amount established by the commissioners of the county for intra-county charges. The position of the taxpayers regarding required proof is not the law. Under ORCP 68, on which Tax Court Rule 68 is modeled and, which, for these purposes, will be followed, the itemization of charges contained in the claim in this matter may serve as the basis of an inference of reasonableness. Dept. of Transportation v. Gonzales,74 Or App 514, 519-20, 703 P2d 271 (1985), rev den,300 Or 249, 710 P2d 146 (1985). Taxpayers presented no evidence sufficient to divert the court from drawing such an inference and the court finds that the claim was reasonable in amount. Finally, the court has reviewed the factors contained in ORS20.075. The award of the full amount of the claim by the county is especially justified in light of the factors listed in each and every paragraph of subsection (1) of that statute, except paragraph (g). Further, the amount is reasonable considering the factors contained in paragraphs (a), (c), (d), and (g) of subsection (2) of ORS 20.075. Now, therefore,
IT IS ORDERED that county's request for attorney fees is granted.
Counsel for the county is directed to prepare an appropriate form of supplemental judgment.
[1] All references to the Oregon Revised Statutes are to the 2005 edition.
[2] Taxpayers asserted that this court had made contrary statements in the proceedings in Schaefer v. Department ofRevenue, TC No 4530, WL 914208 (July 12, 2001). Nothing in the unpublished opinion in the case supports taxpayers' assertions. *Page 340