CHARLES E. COLLINS et al., Copartners under the Name of CHARLES COLLINS & SONS, Appellants, v. LAWRENCE IZZO, Respondent.— Plaintiffs have appealed from an order of the Special Term of Supreme Court (Alexander, J.), setting aside a default judgment entered after an inquest taken at the Trial Term in Rensselaer County. The action was commenced by plaintiffs in April, 1941, to recover the sum of $288.35, alleged to be due for goods sold and delivered. The answer is a general denial. The action was noticed for trial for the November, 1941, Trial Term to be held in Rensselaer County. It was not moved for trial. At the opening of the September, 1943, term, the presiding Justice, in accordance with rule 7 of the Trial Term Rules of Rensselaer County Supreme Court, made an order directing the clerk to mail to the attorneys in any cases on the calendar which had been at issue more than two years, an order to show cause returnable September 14, 1943, why such cases

should not be stricken from the calendar. Upon the return of the order to show cause defendant did not appear. The attorney for the plaintiffs opposed the motion and at his request the case was put on the day calendar for trial. It remained on the calendar until September 16th, when plaintiffs were permitted to take an inquest. No notice was, given to defendant's attorney. Judgment was entered and execution issued to the Sheriff, whereupon defendant obtained from Mr. Justice Lawrence an order directing plaintiffs to show cause at a Special Term of Supreme Court to be held in the County of Saratoga on the 29th day of October, 1943, presided over by Mr. Justice Alexander, why the judgment should not be vacated, and meanwhile Justice Lawrence stayed all proceedings on the part of plaintiffs looking to the enforcement of the judgment. When the motion came on to be heard before Justice Alexander, plaintiffs' attorney asked that the matter be transferred to Mr. Justice Murray, the Justice who presided when the inquest was taken, for hearing and determination. That application was denied. Thereafter Justice Alexander made an order opening the default without the imposition of any terms. In the opinion of this court the order should be modified so as to provide that the default be opened on payment of ten dollars costs by defendant to plaintiffs and on the payment of the printing disbursements on this appeal. The court also takes this occasion to disapprove of the practice generally of applying to open a default before a Justice other than the one who presided when the default was taken. Order modified accordingly and as so modified affirmed, without costs. All concur.