Submitted on briefs October 1; reversed October 8, 1946

## HEIDER *v.* BERNIER ET AL.

(173 P. (2d) 302)

ARLIE G. WALKER, Judge.

*William P. Lord,* of Portland, *Ben Anderson,* of Portland, and *Peery T. Buren,* of Salem, for appellant.

*Otto W. Heider*, of Sheridan, for respondent.

ROSSMAN, J.

This is an appeal by John Lacey, one of the two defendants, from a default judgment entered against him in favor of the plaintiff. The other defendant, Arnold G. Bernier, who also was adjudged in default, has not appealed. The judgment was based upon a promissory note in the sum of $300 signed by Bernier, as maker, and later by Lacey, who was payee, as endorser.

The complaint alleged that the aforementioned Bernier, on August 24, 1944, signed the note in question and that it was payable to the defendant-appellant Lacey or order. The note authorized the award of a reasonable attorney fee in the event of action upon the note. The complaint averred that Lacey transferred the note to the plaintiff-respondent and that in so doing he "did guarantee" payment. Nonpayment and demand were alleged, as well as the fact that $35 was a reasonable sum to be awarded as an attorney fee.

Lacey individually filed an answer which contained no denials; it said that he

"* * * for answer to the complaint of the plaintiff herein, alleges:

"That on the 24th day of August, 1944, the defendant John Lacey was co-owner of a portable sawmill located three and one-half miles northeast of Dallas, Oregon, and on said day said sawmill was sold to the defendant Arnold G. Bernier for the sum of $500.00, with the payment of $200.00 in cash and a promissory note in the sum of $300.00 payable to this answering defendant sixty days after

date, which is the same note set forth in Paragraph I of the complaint.

"That on the 24th day of August, 1944, plaintiff was the owner of a certain automobile gravel truck, and plaintiff sold said truck to the defendant Lacey for $1,000.00, and plaintiff accepted the aforesaid promissory note for $300.00 as a down payment on said sale of said truck; that at the time of the delivery of said note to the plaintiff by defendant Lacey, plaintiff accepted a post-dated check in the sum of $300.00 signed by the defendant Bernier in payment of said promissory note, and thereby discharged defendant Lacey from the payment of said promissory note.

"For cause of action by way of counter-claim against plaintiff, defendant John Lacey alleges:

"That on the 24th day of August, 1944, defendant Lacey purchased from plaintiff a certain gravel truck under a conditional sales contract; that said defendant gave plaintiff in part payment therefor on said day the promissory note set forth in Paragraph I of plaintiff's complaint, and plaintiff accepted from defendant Bernier a post-dated check in payment of said note.

"That thereafter, when the first installment payment fell due, defendant Lacey tendered plaintiff payment of the first installment, but plaintiff refused to accept the same, and thereafter plaintiff seized the aforesaid gravel truck and refused to return the same to defendant Lacey, and by reason of the premises defendant has been and is damaged in the sum of $500.00, which is the reasonable value of the use of said truck since the seizure thereof by plaintiff.

"Wherefore said defendant Lacey prays that plaintiff's complaint be dismissed and that he have judgment against plaintiff for the sum of $500.00, and for his costs and disbursements incurred herein."

After the answer was filed, the respondent presented a demurrer reading as follows:

"Comes now the plaintiff and demurs to defendant Lacey's cause of action by way of counterclaim set forth on Page 2 of the answer of said Lacey, upon the ground and for the reason that the same does not set forth facts sufficient to constitute either a defense to the plaintiff's complaint, or a cause of action against the plaintiff."

The court sustained the demurrer by an order which said:

"Be it remembered this matter coming on regularly for hearing upon the demurrer filed by the plaintiff herein to the defendant Lacey's cause of action by way of counterclaim * * *."

After that order was made and Lacey had declined to plead further, the attacked judgment was entered. It was for the face of the note, interest, an attorney fee of $35, costs and disbursements.

It will be observed that the answer submitted two defenses. The first was based upon an averment that the respondent, in consideration of a post-dated check in the amount of $300, signed by Bernier, "discharged Lacey from the payment of said promissory note." The second tendered a counterclaim. Only the latter was attacked by the demurrer. That is evident from the language of the demurrer and from the court's order. It is clear that there has been no adjudication of Lacey's averments that the respondent, in consideration of Bernier's post-dated check, "discharged defendant Lacey from the payment of said promissory note."

Although an assignment of error (Rule 13 of Rules of Supreme Court) singles out and challenges a ruling made by the circuit court, the appellant's brief presents

none. It, however, submits the two following propositions of law. The first is:

"The allegations of the answer and counterclaim sufficiently stated that an agreement had been entered into between the parties that payment of the promissory note was made by the post-dated check and discharged defendant Lacey from liability."

The second is:

"The counterclaim alleged arose out of the same transaction alleged in the complaint and should have been permitted to stand."

■ We shall now consider the first proposition. The fact that the circuit court did not consider the part of the answer which is the subject matter of this contention, in itself warrants a reversal of the attacked judgment. *Riner v. Southwestern Surety Insurance Co.*, 85 Or. 293, 165 P. 684, 166 P. 952, says:

"The general rule adopted in most jurisdictions, and followed by this court, is that the delivery and acceptance of a note does not extinguish the original indebtedness, unless the parties agreed to give and accept the note as absolute payment: * * *."

At that point the decision cites a score or so of earlier decisions by this court. The opinion continues:

"While the books, including at least two of our own precedents, frequently speak of the rule as requiring the parties to 'expressly' agree, nevertheless as stated in 30 Cyc. 1201, whenever the question has been specifically considered the decision has been that the parties 'agreed,' if it is shown that they agreed in terms or that they understood that the acceptance of a note extinguished an antecedent debt. The agreement need not be expressed in terms; but it is sufficient if it appears from all the facts and circumstances that the parties intended

and understood that the note should be received in absolute payment of the antecedent debt: * * *."

In 40 Am. Jur., Payment, p. 769, § 79, the same principle is stated concerning checks.

■■ It must be evident that, since the files, at the moment when the default judgment was rendered, contained an answer by defendant Lacey wherein he sought to avail himself of the principle just quoted, he was not in default. It may be that the court deemed the answer defective in its phraseology, but its sufficiency was tested by neither motion nor demurrer. It was not a nullity, and it should not have been ignored. The respondent's answer to this proposition consists of quotations from what he terms "deposition of defendant John Lacey." The gist of the deposition is that Lacey has no valid defense. The purported deposition is no part of the record. After the respondent's brief was filed the appellant moved to strike from it those parts which quoted from the purported deposition. The motion is allowed. Moreover, we fail to understand how a deposition can be considered when the matter before the court is a demurrer. Section 5-102, O. C. L. A., says: "An issue of law arises upon a demurrer." Our practice does not countenance speaking demurrers. We sustain the first claim of error.

Concerning the second proposition, the respondent's brief says:

"* * * since the note was an entirely separate and independent transaction originating from Lacey's sawmill dealings with A. G. Bernier, and in which Cecil Lehman had no part, makes it very clear that the alleged facts set forth in the counterclaim did not arise out of the A. G. Bernier note transaction set forth in the complaint, and that is

the position taken by the court below, and we respectfully submit that its position taken on the demurrer should be sustained.''

■ It will be observed that the respondent, in seeking to show that the note and the truck were not parts of the same transaction, mentions facts which are no part of the record. He borrowed them from the deposition which we have mentioned. Those facts must and will be ignored. The language we just quoted makes it clear that the premise upon which the demurrer was sustained was a belief that the facts recited in the counterclaim are not connected with those mentioned in the complaint. The quoted language also makes it clear that the respondent seeks to uphold the order sustaining the demurrer upon the sole ground that the cause of action alleged in the counterclaim did not arise out of the transaction mentioned in the complaint.

Section 1-712, O. C. L. A., authorizes the submission of a counterclaim arising out of ''one of the following causes of action: (1) * * *; (2) in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.''

The plaintiff's cause of action is, of course, based on contract. The counterclaim is not based on conversion or any other form of tort, but on the premise that the appellant is the purchaser of a truck ''under a conditional sales contract,'' and that the respondent breached the contract by wrongfully seizing the truck. He seeks damages in the sum of $500 which, he says, represents ''the reasonable value of the use of said truck.'' Therefore, both the cause of action alleged in the complaint and the one averred in the counterclaim are based on contracts. Section 1-712, subd. 2,

O. C. L. A., authorized the defendant to plead his counterclaim in this action. We, therefore, sustain the second claim of error.

Both claims of error possess merit. The judgment of the circuit court is reversed and the cause is remanded for further proceedings in conformity with this opinion.