Submitted March 24, reversed and remanded April 22, 1964

## INDUSTRIAL LEASING CORPORATION *v.*
## ROBERTS MYRTLEWOOD FACTORY, INC.

391 P. 2d 744

Morgan S. Pritchett, Portland, filed a brief for appellant.

No appearance for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

PER CURIAM.

Defendant appeals under ORS 19.010 (2)'(c) from an order refusing to set aside a default judgment in an action upon a lease of personal property.

There are several assignments of error, but since we have concluded that the default must be set aside, it is not necessary to dwell upon the other questions tendered.

Plaintiff took an *ex parte* default order without disclosing to the presiding judge that the defendant's answer contained a general denial which had not been disposed of. Plaintiff's motion and order merely recited that a demurrer to the answer had been sustained and that the defendant had failed to plead over. In fact, a demurrer to two affirmative defenses had been sustained by another judge, but a triable issue remained under the general denial.

In a multiple-department circuit court it is an imposition upon the court as well as a violation of generally accepted standards of practice to apply to one judge for a default judgment after another judge has made rulings upon the pleadings. Ordinarily, once a judge has ruled in a particular case, that judge should continue to hear subsequent motions in the same case. This principle has been reduced to a rule for a limited class of motions. See Rule 14,

Rules of the Circuit Court, Fourth Judicial District (motions after trial or default); see also *Koin v. Mutual Ass'n*, 96 Colo 163, 41 P2d 306 (1935); *Collins v. Izzo*, 267 App Div 1023, 48 NYS2d (3d Dept 1944).

■ Counsel should apply for *ex parte* defaults only after scrupulous attention has been given to the relevant statutes, the rules of the court, and the rights of the adverse party. In the case at bar, we assume that the procedure followed by plaintiff's counsel was inadvertent. In any event, the trial court should have set aside the default when it appeared that unresolved questions of fact remained in the case. See *Heider v. Bernier*, 179 Or 516, 173 P2d 302 (1946); *Keeler et al. v. Campbell*, 24 Ill 287 (1860); 3 Freeman, Judgments 2642, § 1270 (5th ed rev 1925).

Reversed and remanded.