Argued December 5, 1977, accused reprimanded February 14, petition for rehearing denied March 14, 1978

In re Complaint as to the Conduct of
BRIAN R. BARNES, *Accused.*
(No. 1265, SC 25423)

574 P2d 657

Stanton F. Long, Eugene, argued the cause for accused. With him on the brief were Johnson, Harrang & Mercer, Eugene.

No appearance for Oregon State Bar.

PER CURIAM.

**PER CURIAM.**

The accused, Mr. Barnes, a deputy district attorney for Lane County, was accused of unethical conduct in connection with his work as prosecutor. The Trial Board, composed of three attorneys, found Mr. Barnes did not engage in any unethical conduct. A panel of the Disciplinary Review Board, consisting of three attorneys and one lay person, believed the case presented "an extremely close question," but found Mr. Barnes had engaged in unethical conduct.

The facts are not in dispute. Mr. Barnes, an experienced prosecutor, was assigned to prosecute David Jones for forcible rape in circuit court. Jones was in custody and believed to be dangerous. Mr. Barnes reasonably decided that a blood sample should be secured from Jones. Trial was set for November 28. On November 6th Mr. Barnes filed in circuit court a motion, affidavit and proposed order for obtaining a blood sample. He sent copies by mail to defense counsel. These documents were routinely sent to Circuit Judge Beckett who signed the order on November 10th. No appearances were made.[1]

On November 13th the defendant Jones refused to comply with the order. Mr. Barnes was so informed as was defense counsel, to whom this was the first notice of the motion and order. Mr. Barnes conferred with defense counsel who informed Mr. Barnes that he would advise his client not to obey the order and that he intended to file a request with the circuit court to be heard on the matter. He filed such a request that day. Judge Beckett notified counsel that the issue was set for hearing on November 20.

The Trial Board found that Mr. Barnes was concerned that if he could not obtain a blood sample until

---

[1] The testimony was that the practice in Lane County was to file such motions and orders and, if no request for a hearing were filed within seven days, the court would grant the motion if it was in order. Defense counsel complained that the order was invalid as the seven days had not expired; however, this cannot be attributed to Mr. Barnes.

after the November 20th hearing he could not have the blood tested in time for the November 28th trial date. For this reason, on November 18, Mr. Barnes prepared an affidavit and search warrant to obtain the blood sample. He did not notify defense counsel or Judge Beckett of his intentions. The testimony was that notice was not ordinarily given to counsel in Lane County even though the party on whom the warrant was to be served was represented and in custody.

The practice in Lane County was to present search warrant applications to district court judges rather than circuit court judges, even in matters involving circuit court cases. Mr. Barnes took his documents to District Judge Merten on November 18th. Among other things, he informed Judge Merten that a hearing was scheduled before Judge Beckett on the November 10th order with which Jones had refused to comply. Judge Merten testified he would have signed the search warrant except he had a possible conflict of interest because when he had been in the district attorney's office he had participated in other proceedings against the defendant Jones.

Judge Merten suggested that Mr. Barnes take the matter to District Judge Hodges, which he did. Mr. Barnes did not inform Judge Hodges of the past proceedings before Judge Beckett or of the November 20th hearing.

Judge Hodges signed the warrant and blood was forcibly taken from Jones. Jones was convicted and appealed. The Oregon Court of Appeals affirmed. 28 Or App 131, 558 P2d 1271 (1977), but did not discuss Mr. Barnes' conduct in obtaining the search warrant. We granted review and reversed. *State v. Jones,* 279 Or 55, 566 P2d 867 (1977). We reversed primarily because of improper questions asked by the prosecutor. We stated, however:

> "We believe that the conduct of the deputy district attorney in securing the warrant for the blood sample from a district court without informing that court that a

hearing was then pending in circuit court on substantially the same matter was contrary to the standard of legal ethics to which all attorneys should conform, in the absence of some proper explanation which does not appear from the record in this case. * * *." 279 Or at 60.

Mr. Barnes' contention in this proceeding is that he has presented a "proper explanation" proving that his conduct was not unethical. His position is that it was immaterial that Circuit Judge Beckett had scheduled a hearing on the subject of whether the state had a right to obtain a blood sample. Regardless of the scheduled hearing before Judge Beckett, District Judge Hodges had a duty to issue the warrant if there was an adequate showing of probable cause; therefore, it was not unethical to fail to inform District Judge Hodges of the forthcoming hearing; that if Mr. Barnes had a duty to inform Judges Hodges he was unaware of such duty and acted in complete good faith.

Canon 22 of the original Canon of Ethics adopted by the American Bar Association in 1908 provided: "The conduct of the lawyer before the Court and with other lawyers should be characterized by candor and fairness." The Code of Professional Responsibility approved by the Oregon State Bar and adopted by the court does not contain this broad language. However, the disciplinary rules under present Canon 7 were formulated upon the assumption that the principle of old Canon 22 continues. The disciplinary rules attempt to spell out some of the situations in which this principle is to be applied. Canon 1 and the disciplinary rules thereunder likewise assume that candor with the court is a required ethical standard.

■ Mr. Barnes apparently does not contest the existence of the requirement of candor, but insists that in the circumstances of *State v. Jones* he had no ethical duty to inform Judge Hodges of the proceeding before Judge Beckett. We disagree.

■ Lane County has a number of judges in the circuit and district courts and the two courts have concurrent

jurisdiction in some matters such as issuing search warrants. In these circumstances it is essential for the efficient and just administration of these courts that when an attorney seeks to obtain an order from a judge, the attorney must inform that judge of any rulings or hearings before any other judge that have any connection with the order requested.

We commented on one aspect of this necessary practice in *Ind. Leasing v. Roberts Myrtlewood,* 237 Or 376, 391 P2d 744 (1964):

"In a multiple-department circuit court it is an imposition upon the court as well as a violation of generally accepted standards of practice to apply to one judge for a default judgment after another judge has made rulings upon the pleadings. * * *." 237 Or at 377.

Mr. Barnes contends Judge Beckett's participation was not relevant and, therefore, he had no disclosure obligation. Hè argues that the only issue before the district court was whether probable cause existed, because "[i]f probable cause was found to exist, the District Court Judge had a duty to grant the state's request for access to the evidence." By this contention Mr. Barnes raises a false issue. We are not concerned with the mandatory duty of a judge to issue a warrant upon a proper showing of probable cause. We are concerned only with whether Mr. Barnes acted with proper candor to all judges concerned. It is the necessity for such candor that leads us to the conclusion that if one judge has acted upon a matter or has it pending, a second judge called upon to grant a related order must be informed of the proceedings before the first judge.

If one judge, circuit or district, has refused to issue the search warrant based upon the affidavit submitted by Mr. Barnes or had expressed some doubt about issuing the warrant and taken the matter under advisement, the requirement of disclosure of these occurrences to another judge from whom the warrant was sought would be obvious. In our opinion, that situation and this case are comparable.

■ The Trial Board found that Mr. Barnes' failure to disclose to Judge Hodges was not done with the intent to deceive Judge Hodges as he did not believe disclosure was necessary or material. We will accept that finding. But we agree with the Disciplinary Review Board's opinion that Mr. Barnes should have realized that disclosure was necessary. The good faith of a lawyer is an important factor in determining what discipline should be imposed, but good faith alone does not completely excuse unethical conduct. *In re Boivin,* 271 Or 419, 429, 533 P2d 171 (1975).

We conclude that Mr. Barnes did have a duty of disclosure. This opinion shall serve as a reprimand.