Argued and submitted August 4, reversed and remanded August 31, reconsideration denied October 14, petition for review denied November 11, 1983
See 296 Or 117, 672 P2d 347 (1983)

# STATE OF OREGON,
*Appellant,*

*v.*

# MICHAEL JAN SIMMELINK,
*Respondent.*

(81-11911; 81-12433; CA A27169)

668 P2d 477

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

James J. Roberson, Lake Oswego, argued the cause for respondent. With him on the brief was Mark N. Kemberling, Lake Oswego.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

The state appeals the trial court's dismissal of two criminal charges on the basis that there had been "prosecutor misconduct" in the case between the time the charges were brought and the time they were set for trial. We reverse and remand for trial.

Defendant was charged with driving under the influence of intoxicants and escape in the third degree. After he was arraigned, but before either charge was set for trial, defendant filed a civil rights action in federal district court alleging that excessive force was used by the police in arresting him for the offenses. Sometime thereafter, defendant's counsel in the criminal cases contacted the district attorney's office concerning the charges. The deputy district attorney in charge of the case made the following offer:

> "If [defendant] would plead guilty to Driving Under the Influence of Intoxicants, the charge of Escape in the Third Degree would be dismissed, but [defendant] would as part of the plea offer be required to sign a release of all defendants in the related civil action from liability for the claims made in that action."

When this offer was relayed to defendant's counsel in the civil action, it was rejected, and a second federal lawsuit was filed by defendant, this time seeking declaratory and injunctive relief against the district attorney and his deputy on the ground that the plea offer was ethically improper and denied defendant certain constitutional rights. This latter proceeding was settled by a consent decree under which the district attorney, while denying any wrongdoing, agreed to discontinue the practice complained of as to defendant specifically and as to future criminal defendants generally so long as uncertainty as to the lawfulness of the practice existed.

Shortly after the consent decree was entered, defendant moved to dismiss the criminal charges on the ground of prosecutor misconduct. After a hearing, the trial judge granted the motion, according to his signed order, on the grounds that,

> "* * * the State[']s plea offer was improper as containing an offer of dismissal in return for the release of a civil claim against individuals for damages, and, further, that the plea offer was inherently coercive."

This appeal followed.

■ The basis of the trial court's ruling is difficult to identify. We assume, for the purposes of this case, that the deputy district attorney's action was unethical.[1] However, that fact cannot, standing alone, justify dismissal. Defendant had already been charged; no new, different or more serious charges were brought by the district attorney. Defendant's ability to defend against the present charges was not hampered in any way. Under such circumstances, the extreme sanction of dismissal was unwarranted.[2]

Reversed and remanded for trial.

---

[1] *See* Oregon State Bar Ethics Opinion No. 483 (March, 1983); *see also MacDonald v. Musick,* 425 F2d 373 (9th Cir 1970).

[2] Because the circumstances do not, in any event, warrant dismissal, we reverse the trial court on that basis alone. We note, however, that there is a real question as to whether *dismissal* would be appropriate, even if some prejudice had occurred. The sanction should be no more than necessary to curb the impermissible conduct. *See State v. Jones,* 279 Or 55, 566 P2d 867 (1977). We further note that, as a general rule, enforcement of ethical rules against district attorneys is a matter for the Supreme Court, not the trial court (or this court). *See, e.g., In re Rook,* 276 Or 695, 556 P2d 1351 (1976); *In re Barnes,* 281 Or 375, 574 P2d 657 (1981); *see also Brown v. Oregon State Bar,* 293 Or 446, 451, 648 P2d 1289 (1982).