On petition for review filed October 14, petition denied November 29, 1983

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## MICHAEL JAN SIMMELINK,
*Petitioner on Review.*

(CA A27169, SC 30022)

672 P2d 347

James J. Roberson, Lake Oswego, for petitioner on review. With him on the brief in the Court of Appeals was Mark Kemberling, Lake Oswego.

On the brief for the State of Oregon in the Court of Appeals were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Robert E. Barton, Assistant Attorney General.

## MEMORANDUM OPINION

The trial court dismissed two separate criminal charges against defendant because, during pretrial plea negotiations between the prosecutor and defendant's counsel, the prosecutor had offered to move for dismissal of one of the criminal charges if defendant would plead guilty to the other criminal charge and, also, would release from any claim of civil liability several parties to a pending civil action by this defendant against the arresting officers and others. This defendant had rejected the offer. The trial court did not make any finding that this defendant's defense was prejudiced by the action of the prosecutor.

The Court of Appeals reversed and remanded for trial, *State v. Simmelink,* 64 Or App 465, 668 P2d 477 (1983), reciting that defendant's ability to defend against these criminal charges was not hampered in any way by the prosecutor's conduct and held that the sanction of dismissal was not warranted. In doing so that court assumed that the prosecutor's conduct was "unethical."

Defendant has petitioned for review, contending that review is proper because the Court of Appeals has failed to discern anything "wrong" with the prosecutor's conduct and has, by its decision, implied that no "wrong" has been done unless the defendant has been harmed in his defense.

■ This court does not doubt that the prosecutor's conduct was improper. His duty in this matter was to prosecute the criminal charges if those charges were justified, not to attempt to settle civil claims for damages. At no time did the prosecutor indicate a want of confidence that there were good grounds for the criminal charges. His conduct amounted to nothing but an offer for his good services in recommending dismissal of a presumably valid criminal charge in return for the defendant foregoing prosecution of his tort claims against police officers.

■ We have no doubt the prosecutor's conduct was "wrong," but we perceive no reason to allow review just to say so. The petition for review is denied.