Argued and submitted February 5, amended judgment vacated and remanded for further proceedings June 22, 1988

## NORTHWEST ACCEPTANCE CORPORATION,
*Respondent - Cross-Appellant,*

*v.*

## BLES STUDS, INC., et al,
*Defendants,*

## NYMAN et al,
*Appellants - Cross-Respondents.*

(40001; CA A32780)

756 P2d 1260

Clayton C. Patrick, Salem, argued the cause and filed the briefs for appellants - cross-respondents.

Timothy J. Sercombe, Eugene, argued the cause for respondent - cross-appellant. With him on the briefs were R. Scott Palmer and Harrang, Long, Watkinson & Arnold, P.C., Eugene.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

Amended judgment vacated on appeal and remanded for further proceedings not inconsistent with this opinion; cross-appeal dismissed.

## VAN HOOMISSEN, J.

This is an appeal from an amended judgment entered after a judgment by default against defendants was purportedly set aside and a trial on the merits took place. We conclude that the motion to set aside the judgment by default is still pending in the trial court. Therefore, we vacate the amended judgment and remand for consideration of that motion.

On April 22, 1983, the trial court entered a judgment by default against defendants. On June 10, 1983, they moved to set the judgment aside. On July 22, 1983, the court declared that, for good cause shown, it would set aside the order of default, but it explicitly did not set aside the judgment. The court stated that it would set aside the *order of default* if defendants met certain conditions. When the conditions were met, the order would be set aside and the clerk of court would file defendants' amended answer, in preparation for a trial on the merits. However, the court also provided that the judgment by default of April 22 would remain of record until such time as the case was terminated and an amended judgment, if appropriate, was entered by the court.

ORCP 69 distinguishes between *orders* of default and *judgments* by default. An *order* of default may be set aside for good cause shown. ORCP 69C. A *judgment* by default may be set aside only for the reasons listed in ORCP 71B and C.

Judgments are effective on the date of entry. ORCP 70B(2). The judgment by default was a final judgment. ORCP 67B; *see also* ORCP 69D. It was not set aside before trial, which is the context for the errors assigned in this appeal. ORCP 69B(2) provides that a court may hear evidence, and even try facts to a jury, between an order of default and a judgment by default. However, the rules do not provide for trying facts after a final judgment has been entered, which appears to have happened here.

After the trial on the merits, the court entered an "amended judgment" to reflect the special jury verdict. The "amended judgment" does not state that the original judgment was set aside. It states only that the April 22, 1983, judgment is modified. The original judgment by default was

never set aside.[1] Furthermore, the "amended judgment" reflects the jury's findings in a case which had been previously brought to a final judgment, which still existed. The motion to set aside the judgment is still pending.

We vacate the amended judgment and remand to the trial court for determination of the motion to set aside the judgment by default. Because the motion to set aside the judgment by default is still pending, plaintiff's cross-appeal is dismissed as moot.

Amended judgment vacated on appeal and remanded for further proceedings not inconsistent with this opinion; cross-appeal dismissed.

---

[1] After defendants had performed the prerequisite conditions, the trial court ordered the clerk to file defendants' amended answer. It did not order that the judgment by default be set aside.