Argued and submitted April 4, 1988, reversed and remanded with instructions; appeal dismissed as to King January 25, reconsideration denied April 28, petition for review denied May 16, 1989 (308 Or 33)

JAMES McCAFFREY, P.C.,
*Respondent,*

*v.*

MICHEL et al,
*Appellants,*

KING,
*Respondent.*

KING,
*Respondent,*

*v.*

JAMES F. McCAFFREY, P.C.,
*Respondent.*

KING,
*Respondent,*

*v.*

MARINE RECOVERY CO. et al,
*Appellants.*

(8509-06051; CA A41976)

767 P2d 487

William N. Stiles, Portland, argued the cause for

appellants. With him on the briefs was Sussman, Shank, Wapnick, Caplan & Stiles, Portland.

Ralph C. Sipprell, Portland, argued the cause for respondent James McCaffrey, P.C. With him on the brief was Hodges & Sipprell, P.C., Portland.

No appearance for respondent Leo King.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants[1] appeal a judgment by default that the court granted to plaintiff pursuant to ORCP 69B(2) in his action for attorney fees. They assign as errors that the court granted plaintiff's motion for an order of default, denied defendants' motion to set the default aside, entered the judgment by default and denied defendants' motion to set aside the judgment. We reverse.

In 1985, plaintiff filed the action. In January, 1986, he filed an amended complaint. Defendants moved to strike the fourth and fifth claims. ORCP 21. The court denied that motion.[2] Defendants filed an answer containing a general denial, an affirmative defense and counterclaims. On June 5, 1986, plaintiff filed a motion only against portions of the counterclaims to strike and to make more definite and certain. On July 18, 1986, the court allowed part of the motion and ordered that defendants have "15 days in which to further plead."

Defendants did not plead further within 15 days. On September 9, 1986, plaintiff's attorney mailed to the trial judge a proposed order of default, together with a motion and supporting affidavit, and also a notice of intent to take a judgment by default. Defendants had not yet pleaded again. In a cover letter, plaintiff's attorney stated:

> "I would appreciate your clerk setting a time for the taking of the default judgment on the 22nd of September, 1986. I believe that it will only take ten minutes to present evidence concerning the presentation of a *prima facie* case."

Without obtaining permission of the court, *see* ORCP 15B(2) and 15D, defendants served plaintiff with an amended

---

[1] "Defendants" are appellants Vera Davis Michel, personal representative of the estate of Raymond S. Michel, Vera D. Michel, Richard D. Turner, Marine Recovery Company, United Holding Co., and Michel Holding Co. The record contains a judgment against them that meets the requirements of ORCP 67B.

Defendants' notice of appeal names Leo King as an adverse party. The judgment from which they appeal, however, is not in favor of or against King and the assignments of error have nothing to do with King. Accordingly, the appeal as to King should be dismissed.

[2] Defendants also assign as error that the court denied the motion to strike. We do not address the assignment, because defendants do not make any argument in support of the assignment.

answer and filed it on September 22, 1986. At a hearing held later that day, defendants' attorney advised the court that it should not enter an order of default. He told the court that defendants had already filed the amended answer and counterclaims and that their general denial in their original answer remained in the file. Nonetheless, the court entered an order of default against defendants. On September 26, 1986, the court conducted a hearing and denied defendants' motion to set aside the default order. On September 30, 1986, the court conducted another hearing and granted the judgment from which defendants appeal.

The order of July 18, 1986, on plaintiff's motion only granted relief as to the counterclaims in the answer. Their general denial remained as pleaded. *See Ind. Leasing v. Roberts Myrtlewood,* 237 Or 376, 378, 391 P2d 744 (1964); *Heider v. Bernier,* 179 Or 516, 521, 173 P2d 302 (1946). Accordingly, the record did not justify the court's determination that defendants were in default. *See Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.,* 78 Or App 296, 302, 716 P2d 766 (1986).

Reversed and remanded with instructions to vacate the judgment and order of default; appeal dismissed as to King.