# NORTHWEST ACCEPTANCE CORPORATION,
## nka Pacificorp Credit, Inc.,
### *Respondent,*

*v.*

# BLES STUDS, INC.,
### Short Pole Logging Co., Inc.,
### Gooseneck Land Company, Charles E. Bernert,
### Diane Bernert, John R. Lehr, Pauline Lehr,
### George L. Marston, dba Marston Logging,
### *Defendants,*

## C. ALAN NYMAN
## and Jackie Nyman,
### *Appellants.*

(40001; CA A51001)

803 P2d 775

Clayton C. Patrick, Salem, argued the cause and filed the briefs for appellants.

Timothy J. Sercombe, Eugene, argued the cause for respondent. With him on the brief were R. Scott Palmer, Milo R. Mecham, and Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendants appeal the trial court's denial of their motion to set aside a default judgment. We affirm.

In 1978, plaintiff entered into lease and loan agreements for logging equipment with the defendant companies. The Nymans signed the agreements as guarantors. The companies experienced financial difficulties and, in March, 1982, plaintiff filed a complaint against all defendants on the agreements. It settled with all except the Nymans.[1]

In June, 1982, defendants filed an answer, *pro se,* containing a general denial, affirmative defenses and counterclaims. In December, 1982, plaintiff filed motions to strike against the affirmative defenses and counterclaims. The trial court allowed the motions but left the general denial in the record. The court granted plaintiff leave to file an amended complaint and gave defendants twenty days to answer the amended complaint. The amended complaint was filed, but defendants did not file a timely answer.[2] Plaintiff then sought an order of default and judgment. In April, 1983, the court entered a default judgment against defendants.

In June, 1983, defendants moved to set aside the judgment on the grounds of excusable neglect. ORCP 71B(1)(a). After oral argument, the trial court issued an opinion letter, which was later incorporated in the order on the motion. The court said:

> "Frankly, this court feels that there are grounds both to deny the motion and grounds to allow the motion. * * *. If the court could not impose conditions, the court would deny the motion to set aside. However, this court feels that there is authority for imposing the conditions the court will set forth.
>
> "* * * * *
>
> "The Court will, therefore, allow the Motion to Set Aside the Default Judgment on the following conditions:
>
> "* * * * *
>
> "5. The judgment which has been entered shall remain of record. The order should, therefore, provide that, at the time

---

[1] Hereafter, "defendants" refer to the Nymans.

[2] There was conflicting testimony regarding extensions of the pleading deadline. However, it is unnecessary to resolve those conflicts to reach our decision.

the defendant complies with the above-required financial obligations, the Default Order will be set aside, but the judgment will remain of record. That judgment will remain of record until such time as this case is terminated and an Amended Judgment Order, if appropriate, is entered. In the event that the defendant does not comply with any of the conditions, the defendant's Motion to Set Aside the Default and Judgment will be denied."

Defendants met all of the conditions in the order. The case eventually went to trial, and plaintiff was given a judgment for $253,494.33.[3] An amended judgment was entered pursuant to paragraph 5 of the court's order. The default judgment, however, was never set aside. Both parties appealed.

On appeal, this court concluded that, because a final judgment (the default judgment) had been entered and never set aside, it was improper to conduct a trial in the case. *Northwest Acceptance Corp. v. Bles Studs, Inc.*, 91 Or App 612, 756 P2d 1260 (1988). We stated that, because no final resolution of defendant's motion to set aside the default judgment had been made, that motion was still pending. We vacated the judgment resulting from the trial and remanded the case to the trial court for determination of the motion to set aside the default judgment.

On remand, the trial court denied the motion to set aside the judgment. In the letter opinion, the court said:

"This Court could have taken one of several approaches in deciding this issue. First, the Court could place itself in the position that it was in on July 12, 1983, when it made its original ruling, with the additional factor of the Court's present knowledge that it had no authority to 'conditionally' set aside the Judgment by Default. If I take this approach, my ruling would be that the Motion to Set Aside the Judgment by Default should be denied. Second, this court could decide this motion based on what has occurred in this case, to date, including considering Mr. Nyman's affidavit, but excluding any consideration of the implications of the jury trial and verdict. If I took this approach, I would still conclude that the Motion to Set Aside the Judgment by Default should be

---

[3] The jury verdict was for a greater amount, but the court amended the judgment to reflect payments made by defendants after entry of the default judgment. We assume that those payments will also apply to the judgment that we affirm by this decision.

denied. Third, even if I considered the impact of the jury trial and the verdict, I would still conclude that the Motion to Set Aside the Judgment by Default should be denied."[4]

■ Defendants argue in this appeal that the trial court erred in refusing to set aside the judgment. They contend, first, relying on *James McCaffrey, P.C. v. Mitchell,* 95 Or App 93, 767 P2d 487, *rev den* 308 Or 33 (1989), that they were not, in fact, in default, because their general denial had not been stricken. In *McCaffrey,* however, the general denial remaining in the record related to the then current complaint. In this case, the general denial remaining in the record related to the original complaint. The trial court allowed plaintiff to file an amended complaint. It included new allegations and claims for relief. Defendants were required, by the court's order and by ORCP 15C,[5] to file a responsive pleading, and they did not. They were, therefore, in default.

■ Defendants also argue that, even if they were in default, the judgment should have been set aside under ORCP 71(B)(1)(a)[6] on the ground of excusable neglect and that the trial court abused its discretion in denying their motion. As the trial court found in its 1983 decision on the motion to set aside, however, defendants clearly knew that a default would be taken unless another pleading was filed. They did not contact an attorney until at least seven days after the answer was due. The trial court also found that an amended answer could have been filed within a week or two, but defendants' attorney did not file an amended answer or move to set aside the default

---

[4] The trial court concluded that this court held that the judgment by default could not be "conditionally" set aside. However, our decision in *Northwest Acceptance Corp. v. Bles Studs, Inc., supra,* did not hold that a judgment could never be conditionally set aside. A trial court may properly impose conditions, such as payment of the plaintiff's costs, on the setting aside of a default judgment. *Russell v. Piper,* 101 Or 680, 201 P 436 (1921). The problem in the first *Northwest Acceptance* case was that the final (default) judgment had to have been vacated or set aside before the factfinding process could be resumed.

[5] ORCP 15C provides:

"A party shall respond to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be the longer, unless the court otherwise directs."

[6] ORCP 71(B)(1)(a) provides:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect."

until seven *weeks* after the default was entered. Finally, the trial court found that plaintiff had shown prejudice, because the delay would place it at a disadvantage with respect to other creditors of defendants. We conclude that the trial court did not abuse its discretion in refusing to set aside the default judgment on the basis of excusable neglect.

■    Defendants also assign as error the trial court's denial of several objections to attorney's fees claimed by plaintiff. They argue that it was improper for the court to impose on them plaintiff's attorney fees and costs relating to the 1984 jury trial, because that trial should not have taken place. Defendants are contractually obligated, however, to pay plaintiff's reasonable attorney fees in its attempt to collect amounts owed.[7] It was necessary to proceed to trial on the court's order. It was, therefore, proper for the court to award attorney fees and costs to plaintiff for the jury trial.

■■    Defendants also argue that they should not have to pay attorney fees and costs incurred by plaintiff for the first appeal, because defendants were designated the prevailing party on appeal.[8] The "prevailing party" entitled to attorney fees in proceedings to enforce a contract, however, is the party in whose favor a final judgment is rendered. ORS 20.096(5); *U.S. Nat'l Bank v. Smith,* 292 Or 123, 127-28, 637 P2d 139 (1981). The final judgment in this case, the default judgment, was in plaintiff's favor. Therefore, the trial court did not err in awarding attorney fees, which included plaintiff's fees on the first appeal.

■    Finally, defendants dispute the amount of the attorney fees awarded. They contend that the court awarded amounts in excess of the fees actually incurred by plaintiff.[9] A

---

[7] The leases sued on provide:

"Lessee agrees to pay lessor reasonable attorneys' fees, including attorneys' fees at all levels of appeal, incurred by lessor in connection with the collection of the sums due hereunder."

[8] This court denied, as premature, defendants' petition for attorney fees on the first appeal.

[9] One of defendants' allegations is that the court impermissibly awarded prospective attorneys fees for plaintiff's collection of the judgment. Although it is not clear from the record that that is what the court did, there was evidence that fees would be incurred, and it was within the court's discretion to make the award. *Johnson v. Jeppe,* 77 Or App 685, 688, 713 P2d 1090 (1986).

determination of fees will be set aside only if it is not supported by substantial, competent evidence. *State Highway Commission v. Kendrick,* 227 Or 608, 610-11, 363 P2d 1078 (1961); *Johnson v. Jeppe,* 77 Or App 685, 688, 713 P2d 1090 (1986). Plaintiff offered evidence that it had incurred $72,711 in attorney fees and $6,159 in costs. The trial court awarded $65,000 in fees and $5,137 in costs. We conclude that the trial court did not err in awarding fees.

Affirmed.