DECISION
Plaintiff appeals the 2010-11 real market value of property identified as Account R24341. A telephone trial was scheduled for August 11, 2011. The parties submitted a jointly signed letter, dated August 10, 2011, stating:
 "[B]oth parties are in agreement to request that the Court rule on the evidence submitted and information on file with this court. Accordingly, the parties do not intend to make an appearance at trial.
 "The reason for this approach is the difficulty in appraising the theatre improvements. The property is currently offered for sale on the market. The market response and ultimate sale is obviously important information to round out the value picture for this property. A final decision by the Court in this case will preserve the rights of any further appeal desired."
In a letter dated August 11, 2011, Plaintiff's representative, Christopher K. Robinson, Attorney at Law, wrote:
 "This letter confirms that the Court will make a decision on the merits based upon the evidence or exhibits submitted by each party. This further confirms that no appearance will be necessary today by either party and without prejudice to further appeal rights. I have confirmed with Mr. Norris and he is in agreement with the content of this letter."
On the same date, Plaintiff submitted a Trial Memorandum.
A dispute about the real market value of taxpayers' property "is a question of fact to which taxpayers b[ear] the burden of proof and the burden of going forward." Freitag v. Dept. of Rev.,19 OTR 337 (2007), citing ORS 305.427. There are three methods used to determine real *Page 2 
market value: (1) the cost approach, (2) the sales-comparison, or comparable sales, approach, and (3) the income approach.Allen v. Dept. of Rev., 17 OTR 248, 252 (2003); see also
OAR 150-308.205-(A)(2)[1] (stating that all three approaches to valuation of real property must be considered, although all three may not be applicable to the valuation of the subject property).
Plaintiff, in its Trial Memorandum, concludes that "the best indicator of RMV [real market value] is the asking price at $14,000,000 less $5,802,620 for the 12.11 acre parcel, yielding a net value of $8,197,393." (Ptf's Trial Mem at 2.) Plaintiff appears to rely on a comparable sales approach, stating that its conclusion is based on the "asking price." (Id.) Plaintiff's Trial Memorandum references "land sale comparables" that were "compiled by the listing broker, Nick Cassab[,] at Capacity Commercial Group." (Id.) The listing broker did not testify.
Given the parties representation that not all relevant evidence is before the court and Plaintiff's decision not to provide the court and Defendant with an opportunity to verify and review the listing broker's land sale comparables through the listing broker's testimony, the court concludes that Plaintiff failed to carry its burden of proof. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ____ day of September 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on September 29, 2011. The Court filed and entered thisdocument on September 29, 2011.
[1] A reference to the Oregon Administrative Rules (OAR) is to 2009. *Page 1